IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 112,851

GIANG T. NGUYEN,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

Supreme Court Rule 183(e) (2018 Kan. S. Ct. R. 223) provides that a motion under K.S.A. 60-1507 is sufficient if it is in substantial compliance with the Judicial Council form. A K.S.A. 60-1507 motion substantially complies with the Judicial Council form if it provides the reviewing court with the information called for by the form's questions and it presents that information in such a manner that the reviewing court can match the answers to their corresponding form questions.

2.

Nothing in Supreme Court Rule 183(e) prohibits a K.S.A. 60-1507 movant from using an attachment to the Judicial Council form or using incorporation by reference to an attachment when providing the information called for in the Judicial Council form.

3.

While a pro se K.S.A. 60-1507 movant is required to follow the rules of procedure governing such motions, we liberally construe the filed document to give effect to its content, rather than focusing on the labels and forms used to articulate the arguments.

1

4.

A sentencing court is not required to entertain a second or successive K.S.A. 60-1507 motion for similar relief on behalf of the same prisoner, unless the movant shows exceptional circumstances justifying the consideration of the motion's merits.

5.

Supreme Court Rule 183(j) requires a district court reviewing a K.S.A. 60-1507 motion to make explicit findings of fact and conclusions of law regarding each of the movant's specific issues. When a district court summarily denies a K.S.A. 60-1507 motion without appointing counsel for the movant and without having the movant present in court, the movant's timely filed motion to alter or amend judgment that specifically requests findings of fact and conclusions of law on all issues raised is sufficient to compel the district court's compliance with Supreme Court Rule 183(j).

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 15, 2016. Appeal from Finney District Court; PHILIP C. VIEUX, judge. Opinion filed December 21, 2018. Judgment of the Court of Appeals affirming the district court is reversed. Judgment of the district court is reversed, and the case is remanded with directions.

*Christopher J. Velez*, of Law Office of Christopher J. Velez, of Garden City, was on the briefs for appellant.

*Tamara S. Hicks*, assistant county attorney, *Susan Lynn Hillier Richmeier*, county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Giang T. Nguyen filed a pro se motion under K.S.A. 60-1507, claiming multiple errors led to his 2003 convictions for felony murder and numerous other felonies, including conspiracy to commit aggravated burglary and conspiracy to

commit kidnapping. It was his third such motion. The district court dismissed the motion for being untimely, for being successive, and for being noncompliant with the pleading requirements of Supreme Court Rule 183(e) (2018 Kan. S. Ct. R. 223).

Upon appeal, a panel of the Court of Appeals held that Nguyen's motion was not time barred, based upon the manifest injustice exception, because "his conviction for conspiracy to commit kidnapping is likely multiplicitous." *Nguyen v. State*, No. 112,851, 2016 WL 197745, at *1-2 (Kan. App. 2016) (unpublished opinion). But the panel held that the district court did not err in dismissing the motion, because it was successive and it failed to comply with Supreme Court Rule 183(e). Further, the panel rejected Nguyen's claim that the district court had failed to make the requisite findings of fact and conclusions of law to support its decision. This court granted Nguyen's petition for review. We reverse Nguyen's conviction for conspiracy to commit kidnapping; vacate the accompanying sentence; and remand the case to the district court for resentencing. With respect to the remainder of Nguyen's motion, we reverse the district court's order dismissing the motion and remand the case to the district court with directions.

FACTUAL AND PROCEDURAL BACKGROUND

The facts underlying Nguyen's convictions are recited in *State v. Nguyen*, 281 Kan. 702, 133 P.3d 1259 (2006), the direct appeal opinion affirming the convictions. Briefly stated, Nguyen; his brother, Nam Nguyen (Nam); and another man, Ngan Pham (Pham), forcibly entered a residence, tied up six family members, and subsequently shot and killed one family member who attempted to flee. Two days later, Nguyen voluntarily turned himself in to the authorities and confessed. He was convicted of felony first-degree murder, aggravated kidnapping, aggravated burglary, conspiracy to commit kidnapping, conspiracy to commit aggravated burglary, and five counts of kidnapping. The district court sentenced Nguyen to serve a prison term of 165 months for aggravated kidnapping consecutive to a hard 20 life sentence.

Nguyen directly appealed to this court. The issues raised and our accompanying holdings were summarized as follows:

"1. Did the district court err in allowing into evidence certain information from the confession by coconspirator Ngan Pham? Yes, but it was harmless error.

"2. Did the district court err in denying [Nguyen]'s motion to suppress his own statements to police? No.

"3. Did the district court err in allowing into evidence certain photographs? No.

"4. Did the district court err in determining that [Nguyen]'s convictions of felony murder and aggravated kidnapping were not multiplicitous? No.

"5. Were [Nguyen]'s rights of confrontation violated when the district court admitted his own statements into evidence? No.

"Accordingly, we affirm." *Nguyen*, 281 Kan. at 705.

The opinion in Nguyen's direct appeal was filed May 5, 2006. The next month, on June 16, 2006, we filed an opinion in the direct appeal of Nguyen's codefendant, Pham. *State v. Pham*, 281 Kan. 1227, 136 P.3d 919 (2006). Pham had challenged his conviction for conspiracy to commit kidnapping as being multiplicitous with his conviction for conspiracy to commit aggravated burglary. Finding that "there was only a single continuing conspiracy," we reversed Pham's conviction for conspiracy to commit kidnapping and vacated the sentence on that count. 281 Kan. at 1262.

On January 16, 2007, Nguyen filed his first pro se K.S.A. 60-1507 motion. That motion is not included in the record on appeal, but an earlier memorandum decision from the district court noted that the motion raised the following issues:

4

"(i) whether Defendant was forced to rely on an interpreter who spoke in a culturally different dialect, which violated his 5th, 6th and 14th amendments (sic); (ii) whether the State failed to prove all of the elements of aggravated burglary which constituted the underlying felony necessary to sustain its conviction of felony murder (sic); (iii) whether [the district court] violated Defendant's right to a fair trial when it denied him an opportunity to exercise individualized voir dire; (iv) whether [the district court] contributed to the trial counsel's performance being ineffective in violation of Defendant's 6th amendment (sic); (v) whether the information/complaint was fatally defective because it failed to charge all of the elements necessary to charge the crime of aggravated burglary; (vi) whether the State failed to prove guilt for the crime of aggravated burglary, as being the underlying felony to sustain a conviction for felony murder; (vii) whether the performance of trial counsel for Defendant was inadequate and ineffective for failing to conduct an adequate pretrial investigation, for failing to make proper contemporaneous objections, for failing to conduct adequate voir dire examinations, for failing to file a proper motion for judgment of acquittal after the jury returned its verdict, and for failing to present an adequate closing argument; (viii) whether the State's jury selection process violated *Batson* in denying Defendant the right to select jury members from a fair cross section of the community; and (ix) whether Defendant's appellate counsel was ineffective in failing to raise viable issues on appeal."

Eleven days later, the district court summarily denied Nguyen's motion "for failure to set forth any substantial issues of fact or law with regard to [his] criminal case." Nguyen filed a notice of appeal of the denial of his K.S.A. 60-1507 motion. According to Nguyen's motion to docket appeal out-of-time contained in the Kansas Appellate Clerk's Case Tracking System, he was appointed appellate counsel in April 2007, but appointed counsel failed to take any action for approximately two years. Thereafter, on April 23, 2009, the Court of Appeals denied Nguyen's motion to docket his appeal out-of-time, thereby foreclosing appellate review of the district court's summary denial of the first K.S.A. 60-1507 motion.

5

During this period, in 2008, this court filed an unpublished opinion in the direct appeal of Nguyen's other codefendant, Nam. In that decision, we reversed Nam's conspiracy to commit kidnapping conviction as multiplicitous, based on the same rationale employed in Pham's appeal. *State v. Nguyen*, No. 96,430, 2008 WL 360635, at *2 (Kan. 2008) (unpublished opinion).

On December 31, 2009, Nguyen filed his second pro se K.S.A. 60-1507 motion. This motion is also not included in the record on appeal, but the Court of Appeals' opinion affirming the district court's denial of the motion noted that the motion raised the following issues:

> "(1) he was not informed of his Miranda rights in a Vietnamese dialect he could understand, rendering his custodial statements to law enforcement inadmissible; (2) the charging document was defective because it alleged aggravated burglary without specifying an underlying felony; (3) trial counsel was ineffective in failing to interview Pham in a manner that would have produced exculpatory evidence, in failing to adequately research the issue of different Vietnamese dialects, and in failing to present an adequate argument for judgment of acquittal; (4) he was denied a fair and impartial trial by a jury of his peers because there were no Vietnamese or Southeast Asian people on the jury; and (5) Pham retracted his statement to law enforcement regarding Nguyen's involvement in the matter and this evidence was either not disclosed by the State or Nguyen's attorney failed to explore this possibility of exculpatory evidence." *Nguyen v. State*, No. 104,057, 2011 WL 781525, at *1 (Kan. App. 2011) (unpublished opinion).

Following a review of the official court file, records, and transcripts, the district court denied Nguyen's second motion in February 2010, without a hearing. On March 4, 2011, a panel of the Court of Appeals affirmed the district court's summary denial of Nguyen's second K.S.A. 60-1507 motion. *Nguyen*, 2011 WL 781525, at *2.

In March 2012, Nguyen attempted to file a third K.S.A. 60-1507 motion, which was identical to the motion now before us. The district court did not file the motion, but

6

rather returned it to Nguyen with a letter from District Judge Michael Quint. The letter advised Nguyen that he needed "to be aware in [K.S.A. 60-1507] paragraph (c) 'Successive motions. The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.'" Judge Quint further informed Nguyen that there was "no manifest injustice in any of the previous rulings against [him] and the Court refuse[d] to file [his] latest Motion as being a duplication of [his] previous filing."

On August 28, 2012, Nguyen was successful in getting his third pro se K.S.A 60-1507 motion filed, which raised the following 14 issues:

"1. Nguyen's codefendants had obtained relief from their convictions of conspiracy to commit kidnapping due to the charge being multiplicitous and Nguyen was entitled to the same relief.

"2. Because Nguyen's appeal of his first [60-1507] motion's dismissal was denied through no fault of his own but due to ineffective assistance of counsel, his first appeal should be 're-activated.'

"3. The district court erred in failing to provide unanimity instructions to the jury on the kidnapping and aggravated kidnapping counts.

"4. The district court erred in failing to provide unanimity instructions to the jury on the aggravated burglary count.

"5. The district court erred in constructively amending the criminal complaint through the jury instructions.

"6. The district court erred in instructing the jury on the felony-murder count by omitting mention of an intervening felony.

7

"7. The district court erred when it gave a 'presumption of intent' instruction.

"8. Nguyen was denied due process because, as a citizen of the Socialist Republic of Vietnam, he was never given the opportunity to contact the Vietnamese consul after his arrest.

"9. Nguyen had the rights of a citizen by virtue of his 'situation' and the sentencing court's ignoring of such resulted in cruel and unusual punishment.

"10. Because of this cruel and unusual punishment, Nguyen was not able to [have access to a translator and therefore was not able to] understand the manifest injustice imposed upon him until the filing of this motion.

"11. Nguyen was innocent of the crimes of which he was convicted, and the above-alleged cruel and unusual sentence imposed on him prevented him from communicating his innocence.

"12. Nguyen was incompetent to stand trial because he did not comprehend English and the court-provided interpreter did not comprehend Nguyen's dialect of Vietnamese.

"13. Trial counsel was statutorily and constitutionally ineffective.

"14. Appellate counsel was statutorily ineffective." *Nguyen*, 2016 WL 197745, at *1-2.

On September 14, 2012, the district court filed a Memorandum Decision and Order, summarily dismissing Nguyen's 2012 motion. The district court found that the motion did not substantially comply with the Judicial Council form as set out in Supreme Court Rule 183(e); the motion was untimely; and the motion was "decidedly a successive

8

motion without manifest injustice." Nguyen timely appealed to the Court of Appeals, arguing,

> "[T]he district court should have conducted an evidentiary hearing for four reasons:
> (1) The motion was not time barred; (2) the motion was not successive; (3) the district
> court erred when it held the motion did not conform to . . . Rule 183(e) . . . ; and (4) the
> district court did not make the necessary findings of fact and conclusions of law when
> summarily denying the motion." 2016 WL 197745, at *1.

The Court of Appeals acknowledged Nguyen's argument that the Kansas Supreme Court had reversed the conspiracy to commit kidnapping convictions of his two codefendants as being multiplicitous and had remanded their cases for resentencing. The panel deemed that circumstance raised a "'substantial issue[] of law or fact deserving of the district court's consideration.'" 2016 WL 197745, at *3 (quoting *Vontress v. State*, 299 Kan. 607, 616, 325 P.3d 1114 [2014]). Accordingly, the panel determined that Nguyen had demonstrated the requisite manifest injustice to prevent his motion from being time-barred. 2016 WL 197745, at *3.

Notwithstanding the panel's discomfort with its assessment that Nguyen's multiplicity claim likely had merit, it affirmed the district court's summary dismissal as a successive motion and as a motion that failed to comply with Supreme Court Rule 183(e). As a successive motion, the panel faulted Nguyen's pleadings for not presenting an argument setting forth any exceptional circumstances that prevented him from raising the current issues in his first K.S.A. 60-1507 motion. 2016 WL 197745, at *4-5. With respect to the 60-1507 motion form set forth in the rules, the panel found that Nguyen failed to state concisely all of the grounds on which he based his allegation of unlawful custody under paragraph 10; failed to state concisely the facts that supported his claim of unlawful detention; and failed to provide the names and addresses of the witnesses or other evidence on which he would rely under paragraph 11.

9

Finally, with respect to Nguyen's complaint about the district court's findings of fact and conclusions of law, the panel held that Nguyen had not objected to the insufficiency of such findings. Therefore, the presumption that a district court finds all facts necessary to support its judgment operated to defeat Nguyen's appellate challenge to the findings. In short, the panel affirmed the district court's summary dismissal of Nguyen's 60-1507 motion.

Nguyen's petition for review to this court challenged the panel's affirmance of the district court's dismissal on the bases of being successive and being noncompliant with Supreme Court rules. Further, Nguyen points out that he filed a Motion to Alter or Amend Judgment with respect to the district court's summary dismissal of his motion and then appealed the dismissal when that tack failed. He asserts that he did all that he could to challenge the district court's findings of fact and conclusions of law in a summary dismissal case to preserve the inadequate findings issue for appellate review. We take the liberty of beginning with the holding that Nguyen failed to comply with Supreme Court Rule 183(e).

COMPLIANCE WITH SUPREME COURT RULE 183(e)

To reiterate, the district court found that Nguyen had failed to comply with Supreme Court Rule 183(e) because he did not properly complete the Judicial Council's form for 60-1507 motions. The Court of Appeals affirmed that ruling, identifying two ways in which Nguyen failed to properly complete the 60-1507 motion form:

> "First, he failed to satisfy the requirements of paragraph 10, which directs a movant to
> '[s]tate concisely all the grounds on which you base your allegation that you are being
> held in custody unlawfully.' Nguyen responded: 'SEE ATTACHED 42 PAGES
> MEMORANDUM OF LAW, EXHIBIT, AND 10 PAGES OF AFFIDAVIT IN
> SUPPORT OF MOTION AND MEMORANDUM.' Nguyen could have simply listed his

10

14 claims in this space and elaborated on them in his memorandum in support; however, he chose not to. This is not substantial compliance with the rule.

"Second, Nguyen failed to comply with paragraph 11 of the K.S.A. 60-1507 form, which requires a movant to concisely state the facts that support a claim of unlawful detention and provide the names and addresses of the witnesses or other evidence on which the movant would rely. Instead of listing evidentiary support arranged by each alleged claim of unlawful custody, Nguyen listed 22 people, some by name and some by profession only, and various documents. These were not organized by any basis for his argument of unlawful detention; rather, they were mentioned sporadically throughout Nguyen's 52 pages of supporting documents. It is unclear what evidence would be provided by the sources listed or what sources and evidence supported each claim of unlawful custody." 2016 WL 197745, at *5.

After the foregoing recitation, the panel's complete analysis consisted of the following:

"Nguyen is required to follow the rules of procedure, regardless of whether he is proceeding pro se, and he failed to substantially comply with the form. See *Guillory*, 285 Kan. at 229. Thus, the district court did not err in finding that Nguyen did not comply with Supreme Court Rule 183(e) and did not err in using his failure to comply as one of the grounds to summarily dismiss Nguyen's motion." 2016 WL 197745, at *5.

The panel's rationale will not withstand closer scrutiny.

*Standard of Review*

When a district court summarily dismisses a K.S.A. 60-1507 motion without conducting a hearing, an appellate court will review the decision de novo. *Bellamy v. State*, 285 Kan. 346, Syl. ¶ 3, 172 P.3d 10 (2007).

11

*Analysis*

We begin by looking at the plain language of the rule upon which the lower courts relied to dismiss Nguyen's K.S.A. 60-1507 motion. Supreme Court Rule 183(e) (2018 Kan. S. Ct. R. 225) states, in its entirety, as follows: "Sufficiency of Motion. A motion to vacate, set aside, or correct a sentence is sufficient if it is in substantial compliance with the judicial council form. The form must be furnished by the clerk on request." Pointedly, the rule does not define "substantial compliance."

While this court has not had occasion to define "substantial compliance" as that term is used in Supreme Court Rule 183(e), we have opined on its meaning in relation to notice statutes. In that context, "substantial compliance" means "'"compliance in respect to the essential matters necessary to assure every reasonable objective of the statute."'" *Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 874, 127 P.3d 319 (2006) (quoting *Orr v. Heiman*, 270 Kan. 109, 113, 12 P.3d 387 [2000]). Obviously, that standard is something less than strict compliance. See *Myers*, 280 Kan. at 874.

Turning next to the July 1, 2012, version of the Judicial Council form, which the rule identifies as the standard, we discover that it provides the movant with the following instructions:

**"INSTRUCTIONS—READ CAREFULLY**

"For this motion to be considered by the district court, you must submit it in writing (legibly handwritten or typewritten), set forth concise answers to each applicable question, and sign under penalty of perjury. If necessary, you may finish the answer to a particular question on the reverse side of the page or on an additional blank page. You must make clear the question to which a continued answer refers.

12

"Since this motion must be subscribed as true under the penalty of perjury, any false statement of a material fact in this motion may serve as the basis of prosecution and conviction for perjury. You, therefore, should exercise care to assure that all answers are true and correct.

"If you request permission to file this motion without paying the docket fee and other costs of the proceeding, you must include as an attachment at the back of this form:

"1.     a poverty affidavit showing your inability to pay the full costs of the proceedings; and

"2.     a certified inmate account statement setting forth the lesser of the average account balance or total deposits in your inmate trust fund for the six-month period preceding the filing of this motion or the current period of incarceration, whichever is shorter.

"The court will determine the initial fee to be assessed for filing the action, but in no event will the court require an inmate to pay less than $3. The poverty affidavit applies only to the amount that must be paid to file the case and does not prevent the court from later assessing the remainder of the docket fee or other fees and costs against the petitioner.

"When the motion is completed, *the original and one copy* must be mailed to the Clerk of the District Court from which petitioner was sentenced."

Reading the rule and the form instructions together would suggest that the reasonable objectives of Supreme Court Rule 183(e) are to provide the reviewing court with the information called for by the form's questions and to have that information presented in such a manner that the reviewing court can match the answers to their corresponding questions. Nothing prohibits the information from being presented in an attachment, and nothing prohibits an answer from incorporating an attached document by reference. Indeed, the instructions on the form specifically contemplate that additional pages may be necessary.

13

The panel acknowledged that we liberally construe pro se pleadings "[to give] effect to the pleading's content rather than the labels and forms used to articulate the arguments." *State v. Gilbert*, 299 Kan. 797, Syl. ¶ 4, 326 P.3d 1060 (2014). But then, quoting from *Guillory v. State*, 285 Kan. 223, 229, 170 P.3d 403 (2007), the panel appears to believe that *Gilbert*'s liberal construction rule was trumped by *Guillory*'s declaration that "a pro se K.S.A. 60-1507 movant is in the same position as all other pro se civil litigants and is required to be aware of and follow the rules of procedure that apply to all civil litigants, pro se or represented by counsel." But *Guillory* is inapposite; it dealt with whether a pro se 60-1507 movant was bound by the 30-day time limit to file an appeal. It had nothing to do with construing pro se pleadings. Moreover, the 2007 *Guillory* decision certainly did not overrule the 2014 reiteration of the liberal construction rule in *Gilbert*.

Nevertheless, it is questionable whether the liberal construction rule is required for question 10. Nguyen made it abundantly clear under that question on the form that he was providing all his grounds for relief in the attachments to the form, including his memorandum of law. Then, on Page 1 of the memorandum, Nguyen clearly set forth the 14 grounds for relief that he was claiming. For instance, under Issue I, the memorandum states quite clearly and concisely that

> "Movant's co-defendants obtained relief on appeal from the conviction for conspiracy to commit kidnapping because the appellate courts decided that it was multiplicitous to the conspiracy to commit aggravated burglary conviction. [*sic*] The Movant is entitled to the same reversal and resentencing for the same reasons his co-defendants received that relief."

The panel faulted Nguyen for listing the grounds on a separate page, rather than on the face of the form. Arguably, Nguyen strictly complied with the form's instruction that allows the use of additional blank pages. But even if one were to find a failure to strictly comply with the form, Nguyen's submission most certainly substantially complied """in

14

respect to the essential matters necessary to assure every reasonable objective"'" of the form. *Myers*, 280 Kan. at 874. Likewise, Nguyen's answer to question 11 should not have thwarted the district court's ability to decide the case, if it had simply read the attachments. If nothing else could be discerned by the court, the statement of Issue I, regarding the multiplicity issue, was self-explanatory and pointed the court where it needed to go to decide that there was not a conclusive showing that Nguyen was not entitled to relief. See Supreme Court Rule 183(f) (2018 Kan. S. Ct. R. 225) (court must provide a recorded hearing unless the motion, files, and record "conclusively show that the movant is entitled to no relief").

In short, this case should not be about thwarting the fundamental purpose of affording K.S.A. 60-1507 relief by looking for a hypertechnical, strict compliance pleading requirement. Cf. *Anzua-Torres v. State*, No. 105,083, 2012 WL 139400, at *6, (Kan. App. 2012) (unpublished opinion) (Atcheson, J., concurring) ("60-1507 motions should be about properly determining the substantive issues presented, not throwing inmates out of court because they try and fail to fill out the paperwork correctly."). The district court erred in dismissing the motion as noncompliant with Supreme Court Rule 183(e); the Court of Appeals erred in affirming that dismissal.

SUCCESSIVE MOTION UNDER K.S.A. 60-1507

Nguyen contends that the panel misinterpreted his statement—that he was unable to understand the manifest injustice that he had suffered until he filed this current motion—as being a ground for relief, rather than an explanation of the exceptional circumstances which had prevented him from raising the issues in his prior motions. Further, he argues that the panel erred in its application of Supreme Court Rule 183(d), because the issues in this motion had not been raised previously and determined adversely to him. We discern that exceptional circumstances did exist in this case.

15

*Standard of Review*

An appellate court exercises de novo review of a district court's summary dismissal of a K.S.A. 60-1507 motion. *Bellamy*, 285 Kan. at 354.

*Analysis*

K.S.A. 60-1507 contains subsection (c), entitled "Successive Motions," that provides as follows: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." A plain language reading of that provision might well suggest that the district court has unfettered discretion to decline to consider a second or successive 60-1507 motion, notwithstanding the reason for the subsequent motion and regardless whether injustice may result from the refusal to consider the motion's merits. But that provision does not exist in a vacuum.

This court has decades of caselaw holding that K.S.A. 60-1507's prohibition on successive motions is subject to exceptions. Over forty years ago, this court declared that "[t]he sentencing court should not entertain a second or successive motion for relief under K.S.A. 60-1507 on behalf of the same person *unless the errors affect constitutional rights and there are exceptional circumstances which justify entertaining a second or successive motion.*" (Emphasis added.) *Dunlap v. State*, 221 Kan. 268, 270, 559 P.2d 788 (1977). Earlier this year we again confirmed that a movant could avoid having a second or successive K.S.A. 60-1507 motion dismissed as an abuse of remedy by establishing exceptional circumstances. *Beauclair v. State*, 308 Kan. 284, 304-05, 419 P.3d 1180 (2018) (finding a claim of innocence founded upon victim's recantation sufficient to avoid dismissal as successive motion).

16

Further, this court has adopted rules governing procedure in district courts. One of those rules, Supreme Court Rule 183, explains and implements the procedure to be followed under K.S.A. 60-1507. Subsection (d) of Rule 183 is also entitled "Successive Motions" and reads as follows:

> "A sentencing court may not consider a second or successive motion for relief by the same movant when:
>
> "(1)  the ground for relief was determined adversely to the movant on a prior motion;
>
> "(2)  the prior determination was on the merits; and
>
> "(3)  justice would not be served by reaching the merits of the subsequent motion." Supreme Court Rule 183(d) (2018 Kan. S. Ct. R. 225).

Pointedly, that rule uses the words "may not." Consequently, a plain reading of the rule would suggest that a district court is permitted to decline to consider a successive motion *only* "when . . . justice would not be served by reaching the merits of the subsequent motion." Supreme Court Rule 183(d)(3) (2018 Kan. S. Ct. R. 225).

Importantly, the State has not asked this court to jettison its own rules directing the district court's procedure under K.S.A. 60-1507, nor has the State asked this court to overrule longstanding precedent recognizing that there are exceptions to the statutory prohibition on successive 60-1507 motions. Our general rule is that an issue not raised or briefed is deemed waived and abandoned. See, e.g., *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011). In conformance with that general rule, this court declines to reconsider the construction of K.S.A. 60-1507(c), sua sponte. See *Cent. Kansas Med. Ctr. v. Hatesohl*, 308 Kan. 992, 1006-07, 425 P.3d 1253 (2018)

17

("Because no party asks us to overturn this precedent, we apply it on the basis of stare decisis and will not question its validity sua sponte.").

Recently, this court reiterated that "'[e]xceptional circumstances are unusual events or intervening changes in the law that prevented the defendant [from] raising the issue in a preceding [K.S.A.] 60-1507 motion.'" *Beauclair*, 308 Kan. at 304 (quoting *State v. Mitchell*, 284 Kan. 374, Syl. ¶ 5, 162 P.3d 18 [2007]). The Court of Appeals discerned that Nguyen made "no arguments alleging that any exceptional circumstances prevented him from previously raising any of the 14 grounds for relief he now raises." *Nguyen*, 2016 WL 197745, at *4. Furthermore, the panel stated that it was not their "role to hunt the record for such circumstances; it is Nguyen's duty to assert the existence of any exceptional circumstances that would justify the filing of a successive motion for relief. See *Vontress*, 299 Kan. at 617." 2016 WL 197745, at *4.

As noted above, Nguyen counters that his statement that he was unable to understand the manifest injustice that he had suffered until he filed this current motion constituted an explanation of the exceptional circumstances which had prevented him from raising the issues in his prior motions. Moreover, on the face of the motion form, under paragraph 16, Nguyen provides the reasons that some of his claimed grounds for relief were not previously presented, to-wit:  "Appellate counsel was ineffective, and movant was denied due process access to education and/or interpreter to help movant to file proper pleadings, understand the many charges against movant, or even read the transcripts." Nguyen's attached memorandum clearly explains that he is Vietnamese and

> "has no comprehension of the english [*sic*], which would be a prerequisite for him to be able to read his transcripts, file a pro se petition or motion, read the constitution of Kansas or the United States of America, or read the laws, case laws, or make any written argument to the courts:  an untenable position."

18

He explains that the only way he has been able to file pro se pleadings is when "some other prisoner took the time to learn his broken speech, then try to communicate movant's assertions to paper [on movant's behalf]."

With respect to the performance of the appointed appellate attorneys, his counsel on direct appeal failed to raise the multiplicity issue that was subsequently successful for his two codefendants. The subsequent rulings on the multiplicity issue in the codefendants' cases would seem to fall within the ambit of an intervening change in the law. Yet the attorney the district court appointed in April 2007 to represent Nguyen on the appeal of his first summarily denied 60-1507 motion did not advocate for his client to get the same relief that this court had granted to Pham the year before. Indeed, that attorney did nothing for two years and caused the appeal to be dismissed when the Court of Appeals denied his motion to docket the appeal out of time. In other words, the first time that Nguyen could have gotten into court with an attorney who should have known of the multiplicity law created in *Pham*, he was prevented from raising that legal argument by the dilatory conduct of his appellate attorney and the refusal of the Court of Appeals to docket the appeal out of time. Thereafter, counsel on Nguyen's second 60-1507 was apparently likewise oblivious to the winning issue on multiplicity. Cf. *Trotter v. State*, 288 Kan. 112, Syl. ¶ 9, 200 P.3d 1236 (2009) (K.S.A. 60-1507 movant can demonstrate exceptional circumstances by persuading a court that there was ineffective assistance of direct appeal counsel in failing to raise an issue).

Moreover, one might ruminate on the record support for the district court's cursory declarations that there were no substantial issues of law in Nguyen's case. Within the six months preceding the district court's summary ruling in January 2007, it had received a remand of Pham's case because of a substantial issue of law in his case that replicated the circumstances in Nguyen's case. Then, before Nguyen's second motion was filed, the district court received a remand of the second codefendant's case for the same

19

multiplicity reason. Finally, Nguyen's third motion was initially rejected for filing as being successive; it is difficult to discern exceptional circumstances without at least reading the motion.

To put the circumstances in perspective, a native English speaker might imagine being in a Vietnamese prison with virtually no grasp of the local language, having no access to a competent interpreter, being assigned dilatory (if not incompetent) counsel, and knowing that two codefendants had their identical convictions reversed on the same legal grounds, but the district court that resentenced your codefendants summarily refuses to consider your wrongful conviction. Those circumstances would seem exceptional to most persons. Certainly, *Dunlap* defined exceptional circumstances in part as being "such that the ends of justice can only be served by reaching the merits of the subsequent [motion]." 221 Kan. at 270. Toward that end, our rules (recited above) specifically state that it matters whether justice would be served by reaching the merits of the subsequent motion. Supreme Court Rule 183(d)(3). Accordingly, we should "not 'justify relentless, unyielding, and unremitting application of the successive motion rule when [a] sense of justice require[s] that a colorable and actionable claim be heard on its merits.'" *Littlejohn v. State*, No. 115,904, 2017 WL 2833312, at *6 (Kan. App. 2017) (unpublished opinion) (quoting *Saleem v. State*, No. 94,945, 2006 WL 3353769, at *13 [Kan. App. 2006] [unpublished opinion]). After all, inscribed on the wall of the atrium in the Kansas Judicial Center are the following words: "Within These Walls the Balance of Justice Weighs Equal."

For the balance of justice to be weighed equally, Nguyen deserves the same relief as his codefendants. Consequently, we reverse his conviction for conspiracy to commit kidnapping; vacate the accompanying sentence; and remand the case to the district court for resentencing.

20

DISTRICT COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

With respect to the remainder of Nguyen's motion, Supreme Court Rule 183(j) (2017 Kan. S. Ct. R. 225) directs that "[t]he court must make findings of fact and conclusions of law on all issues presented." Nguyen asserts that the district court failed to make specific and granular findings in its order summarily dismissing his 60-1507 motion. Moreover, he argues that the panel erred in applying the presumption of adequate findings based upon Nguyen's failure to object to the court's inadequate factual findings or legal conclusions.

Nguyen makes the valid point that the panel appears to have overlooked that, because his motion was summarily denied, he had limited access to the court to make an objection to its findings. Indeed, the panel does not explain how a pro se litigant, who is not present when the district court makes a summary ruling without a hearing, is supposed to lodge the type of objection it says was required of Nguyen.

Nevertheless, we discern that Nguyen did all that he could to advise the district court of his objections. He filed a pro se motion to alter or amend judgment within 10 days after his motion was dismissed. In that motion he asserted that the district court "is required to make findings of fact and conclusions of law, reaching the merits of all fourteen of the issues/claims raised in the instant petition." The purpose of requiring an objection to inadequate findings is to give the district court an opportunity to remedy the deficiency. Certainly, the district court was given that opportunity through Nguyen's motion to alter or amend. Its failure to make the requisite findings cannot be laid at the movant's feet.

Turning, then, to the district court's order dismissing the motion, one notes that it is conclusory in nature. Rule 183(j) "requires a district court reviewing a K.S.A. 60-1507

21

motion to make explicit findings of fact and conclusions of law regarding each of the movant's specific issues." *Haddock v. State*, 282 Kan. 475, 506, 146 P.3d 187 (2006). Boilerplate journal entries, which only state that "motions, files, and records of the case did not show manifest injustice; and [movant]'s conclusory allegations did not entitle him to relief," do not comply with Rule 183(j). *Stewart v. State*, 30 Kan. App. 2d 380, 381-82, 42 P.3d 205 (2002).

The district court's findings fit within the noncompliant conclusory category. Upon remand, the district court is directed to make adequate findings of fact and conclusions of law on each of Nguyen's claims. In the event any of the issues are not amenable to summary denial, the court shall proceed in accordance with Supreme Court Rules 183(f), (h), and (i).

Reversed and remanded to the district court with directions.