NOT DESIGNATED FOR PUBLICATION

No. 118,872

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DARRIEN WAYNE PITTS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion filed March 1, 2019. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before BRUNS, P.J., SCHROEDER and GARDNER, JJ.


PER CURIAM: Darrien Wayne Pitts was incarcerated in another state—Oklahoma—when charges were filed and pending in Kansas. Pitts wanted to resolve the Kansas charges, and the Interstate Agreement on Detainer Act (IAD) creates specific statutory hurdles for him to address. Once correctly invoked by an out-of-state prisoner, the IAD sets speedy trial requirements for the State to bring the individual to trial in Kansas. Pitts appeals the district court's denial of his motion to dismiss for alleged speedy trial violations. Pitts claims Oklahoma prison officials did not timely process his request

1

for final disposition of his Kansas charges, resulting in a violation of his right to a speedy trial under the IAD. We disagree and affirm.

FACTS

In March 2015, the State of Oklahoma sentenced Pitts to a 12-year term of imprisonment for crimes he committed in Texas County, Oklahoma. He began his sentence with the Oklahoma Department of Corrections in April 2015.

In December 2015, the State of Kansas charged Pitts with multiple drug-related offenses and one traffic offense. The State issued an arrest warrant but did not serve Pitts.

In January 2016, Pitts filed a pro se petition for habeas relief purportedly seeking relief under K.S.A. 22-4401, the IAD. In response, the State advised the district court it had not yet lodged a detainer against Pitts and the IAD was therefore not yet applicable.

On May 6, 2016, the State placed its detainer with the Oklahoma Department of Corrections. The State notified Pitts of this detainer in a letter dated July 8, 2016. The letter also advised Pitts he needed to notify the warden of his request for final disposition of the Kansas charges.

On December 15, 2016, Pitts again filed a petition for habeas relief. On December 30, 2016, the State filed a request for temporary custody. In its request, the State advised the Oklahoma Department of Corrections that it intended to bring Pitts to trial in Kansas for his charges. On January 23, 2017, the district court received several IAD-compliant forms from the Oklahoma Department of Corrections, including a notice of the untried Kansas charges to Pitts, his request for final disposition of those charges, and a certificate of his inmate status. The forms were dated January 11, 2017, and sent by certified mail.

2

The Oklahoma Department of Corrections transferred Pitts to Kansas and he arrived on or about February 21, 2017.

Pitts moved to dismiss his case based on speedy trial violations. He alleged Oklahoma prison officials did not notify him of the May 6, 2016 detainer and failed to act timely under the IAD. According to Pitts, he notified Oklahoma prison officials of his detainer when he received the State's letter in July 2016. From then until December 2016, Pitts claimed he tried to send notice to the State through Oklahoma prison officials, but they refused to help him until January 11, 2017.

The State argued Pitts did not comply with his notice requirements under the IAD when he filed his pro se petitions. The State also argued Pitts presented no evidence of any request for Oklahoma prison officials to assist him before January 11, 2017.

Pitts was scheduled for jury trial on June 26, 2017, but he asked for a continuance. Two weeks later, Pitts requested another continuance. On July 31, 2017, Pitts proceeded to a bench trial on stipulated facts. The district court found him guilty of all charges and preserved his motion to dismiss. The district court continued Pitts' motion to dismiss to give him time to obtain records from the Oklahoma Department of Corrections to support his claim.

At the December 13, 2017 evidentiary hearing, the district court admitted into evidence Pitts' petitions for habeas relief, the July 2016 letter from the State, and the January 2017 request for final disposition.

Pitts testified he reached out to his case manager in the Oklahoma correctional facility soon after he received the State's July 2016 letter. Pitts asked his case manager to help him request a final disposition of his Kansas charges. The case manager made a copy of his letter from the State but failed to help him complete his request over the next

3

several months. In December 2016, Pitts filed his second writ for habeas relief. On January 11, 2017, Pitts went to the prison records department and completed his request for final disposition of his Kansas charges. He returned to Kansas on February 21, 2017.

The district court denied Pitts' motion. The district court found "the evidence and documents presented at hearing on December 13, 2017 simply don't provide either a compelling or credible basis for the claims made above, especially in the absence of any documentation establishing Oklahoma's lack of diligence, if that was the case in fact." Additionally, the district court found Pitts' pro se petitions were not requests under the IAD, Pitts signed the proper agreement on detainer forms on January 11, 2017, and the State received those forms on January 23, 2017. Next, the district court found Pitts made his first court appearance on February 22, 2017, and the State brought him to trial within 180 days of his request. Finally, the district court held Oklahoma and the State had complied with the IAD.

ANALYSIS

Pitts claims the district court erred because his testimony supports a finding he substantially complied with the IAD. This issue requires statutory interpretation of the IAD, a question of law subject to unlimited appellate review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained. *State v. Jordan,* 303 Kan. 1017, 1019, 370 P.3d 417 (2016). An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016).

The IAD establishes speedy trial requirements for a prisoner in a state penal or correctional institution outside Kansas or in federal penitentiary. Its purpose is to encourage "the expeditious and orderly disposition" of such charges against prisoners and

4

determine "the proper status of any and all detainers based on untried indictments, informations or complaints." K.S.A. 22-4401, Art. I.

The IAD divides speedy trial rights into two sections. Under Article III, a prisoner may request final disposition of any pending Kansas charges after prosecuting authorities in Kansas lodge a detainer against the prisoner. To make this request, the prisoner must send written notice of his or her request to the "warden, commissioner of corrections or other official having custody of him." K.S.A. 22-4401, Art. III(c). The out-of-state official must then "promptly forward" the request with a certificate completed by the official that includes details of the prisoner's sentence. K.S.A. 22-4401, Art. III(a), (c). Once the State receives these documents, it has 180 days to bring the defendant to trial, subject to continuances requested in open court by the defendant or defense counsel. K.S.A. 22-4401, Art. III(a); see *State v. White*, 234 Kan. 340, 345, 673 P.2d 1106 (1983) (finding that the 180-day speedy trial period begins when the prosecuting authority and appropriate court receives the prisoner's notice).

Under Article IV, the State may request the prisoner's transfer from the out-of-state correctional institution or federal penitentiary. If so, the State has 120 days to bring the prisoner to trial after he or she arrives in Kansas. K.S.A. 22-4401, Art. IV(a)-(d).

When the State fails to bring the prisoner to trial within 180 days under Article III, or 120 days under Article IV, the district court must dismiss the charges with prejudice. K.S.A. 22-4401, Art. V(c).

Pitts alleges a violation of Article III of the IAD and claims he substantially complied with its provisions. Substantial compliance with the provisions of the IAD is sufficient to invoke its protections. *Sweat v. Darr*, 235 Kan. 570, Syl. ¶ 5, 684 P.2d 347 (1984). However, a prisoner who fails to properly address his or her request for speedy disposition of pending charges must bear the burden and consequences of an improperly

delivered request. *Sweat,* 235 Kan. 570, Syl. ¶ 7. Substantial compliance means "'compliance in respect to the essential matters necessary to assure every reasonable objective of the statute.'" *Nguyen v. State*, 309 Kan. 96, 104, 431 P.3d 862 (2018). The facts do not support Pitts' claim.

The district court did not err in finding the State did not violate Pitts' speedy trial rights. Pitts did not substantially comply with his requirements under Article III of the IAD until he signed the proper detainer forms on January 11, 2017. Pitts' petitions for habeas relief were not IAD requests for final disposition of his Kansas charges. Article III requires Pitts to send his request to prison officials, not Kansas officials. K.S.A. 22-4401, Art. III(c). Requests are processed in that fashion because out-of-state prison officials must forward the request to Kansas with a certificate detailing the prisoner's sentence. K.S.A. 22-4401, Art. III(a). Neither of Pitts' petitions for habeas relief included a certificate from prison officials, so neither substantially complied with the IAD. See *Nguyen*, 431 P.3d at 869.

Pitts claims his testimony shows he substantially complied with the IAD. Even so, the district court found Pitts' evidence did not provide "either a compelling or credible basis" to support his claims "especially in the absence of any documentation establishing Oklahoma's lack of diligence, if that was the case in fact." Without expressly saying it, the district court found Pitts' testimony was not credible, and appellate courts do not reweigh evidence or pass on the credibility of witnesses. *State v. Bledsoe*, 272 Kan. 1350, 1359, 39 P.3d 38 (2002).

Pitts' only remaining evidence was his written request prepared by Oklahoma prison officials on January 11, 2017. His speedy trial deadline began when the State received those forms on January 23, 2017. See K.S.A. 22-4401, Art. III(a). Pitts arrived in Kansas on February 21, 2017, and was originally scheduled for a jury trial on June 26, 2017. After Kansas received notice under the IAD, Pitts requested two continuances

before the bench trial occurred on July 31, 2017. Pitts' requested continuances are attributable to him. See K.S.A. 22-4401, Art. III(a). One hundred fifty-four days passed from the time the State received notice until Pitts' first trial date. The State did not violate the 180-day speedy trial requirements under Article III of the IAD. The district court did not err when it found, based on the evidence presented, neither Kansas nor Oklahoma violated Pitts' speedy trial rights.

Affirmed.