NOT DESIGNATED FOR PUBLICATION

No. 123,912

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

QUINTON C. THOMAS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed May 13, 2022. Affirmed in part, reversed in part, and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and HURST, JJ.

PER CURIAM: Quinton C. Thomas appeals the district court's denial, following a preliminary hearing, of his K.S.A. 60-1507 motion. In his 60-1507 motion, Thomas argued, among many things, that his trial counsel was ineffective for failure to investigate an alibi witness. On appeal Thomas contends the district court erred in denying his motion without first holding a full evidentiary hearing on the ineffective assistance of trial counsel claim. This court is persuaded by Thomas' argument because the motion and available records do not conclusively show that Thomas is not entitled to relief on this

1

claim. This court remands this case for an evidentiary hearing on Thomas' motion, solely for review of his ineffective assistance of trial counsel claim.

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Thomas with three counts of aggravated robbery, one count of aggravated burglary, one count of aggravated battery, and one count of aggravated endangering a child related to three separate events. The aggravated burglary, aggravated battery, aggravated endangering of a child, and one count of aggravated robbery arose from a residential break-in on November 4, 2010, where a woman was robbed at gunpoint, a 16-month-old child was injured, and a man was shot. The remaining two aggravated robbery charges arose from robberies at gunpoint that occurred at two separate Advance America businesses—one on November 27, 2010, and the other on November 29, 2010.

Thomas had a jury trial in March 2013 where the jury convicted him on all counts. The district court sentenced Thomas to a total prison term of 423 months. Thomas filed a direct appeal, and a panel of this court affirmed his convictions and sentence rejecting his numerous arguments of procedural and constitutional error in his charges, trial, and sentencing. *State v. Thomas*, No. 110,571, 2015 WL 569371, at *1, 29 (Kan. App. 2015) (unpublished opinion). The mandate issued October 2, 2015. On June 6, 2016, Thomas filed a "Motion Requesting a Stay and Abeyance of Collateral Challenge, By Showing Cause, Pro-Se." In the motion, Thomas stated that he was aware this court had denied his direct appeal but was unaware of the outcome of his petition for review, which his attorney had informed him she was filing on his behalf. Thomas claimed he had not had contact with his appellate counsel since February 3, 2015, when she informed him in a letter that she intended to file a petition for review, and since he was in a segregated unit in federal custody, he could not research Kansas caselaw for his collateral motion. On June 8, 2016, the district court denied Thomas' motion, informing him that the Kansas

Supreme Court denied his petition for review on September 23, 2015, and the mandate on his direct appeal issued on October 2, 2015. The district court included a printout of the activity on Thomas' case and a copy of the mandate from the district court file.

On March 5, 2018, Thomas filed a "Motion to Vacate and Set Aside Conviction & Petition for Writ of Habeas Corpus Pursuant to K.S.A. § 60-1507." Thomas affirmatively alleged manifest injustice and acknowledged his late filing, but argued the late filing should be excused for the reasons already asserted in his June 6, 2016 motion, and because when he returned to a Kansas facility in July 2017 it was on lockdown and he could not access the library until September 2017. Thomas' appellate counsel filed a brief in support of his untimely K.S.A. 60-1507 motion, emphasizing Thomas' lack of access to legal materials and noting his motion asserted actual innocence in regard to the November 4 residential break-in. The State conceded the statute of limitations issue, allowing Thomas' motion to proceed on the merits. Thomas' K.S.A. 60-1507 motion asserted eight substantive claims:

1. He was denied his right to a speedy trial under K.S.A. 22-4401, the Interstate Agreement on Detainers (IAD);
2. the State withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963);
3. the State committed prosecutorial error by failing to protect his IAD speedy trial rights;
4. he was denied effective assistance of trial counsel;
5. he was denied conflict-free counsel;
6. he was denied effective assistance of appellate counsel;
7. he was denied the right to be present at every critical stage of his proceedings, and;
8. cumulative errors denied him a fair trial and appellate review.

3

The State responded to Thomas' motion on September 29, 2020, requesting the district court to summarily deny the motion. The district court held a preliminary, nonevidentiary hearing on November 20, 2020, where it heard arguments from both parties and took the motion under advisement. The court reconvened on December 4, 2020, and denied Thomas' motion without an evidentiary hearing.

Thomas also filed a pro se motion to reconsider, which the district court denied. Thomas appeals the district court's denial, both pro se and through counsel.

Discussion

Thomas contends only that the district court erred by denying his K.S.A. 60-1507 motion without holding an evidentiary hearing on his ineffective assistance of trial counsel claim—thus, he has abandoned any arguments regarding the other seven claims in his motion. See *Nguyen v. State*, 309 Kan. 96, 108-09, 431 P.3d 862 (2018) ("Our general rule is that an issue not raised or briefed is deemed waived and abandoned.").

I. *The district court erred in denying Thomas' K.S.A. 60-1507 motion without holding an evidentiary hearing on his ineffective assistance of trial counsel claim.*

A district court can resolve a K.S.A. 60-1507 motion in one of three ways: (1) finding that the motion, files, and records of the case conclusively show the defendant is not entitled to relief and summarily deny the motion; (2) finding that the motion, files, and records of the case show that a potentially substantial issue exists and grant a preliminary hearing after appointing counsel; or (3) finding that the motion, files, records of the case, or preliminary hearing show that there is a substantial issue requiring an evidentiary hearing. *State v. Adams*, 311 Kan. 569, 578, 465 P.3d 176 (2020). Here, the district court followed option (2) and held a preliminary hearing, where Thomas was represented by conflict-free counsel before denying Thomas' motion.

4

When a district court denies a 60-1507 motion after a preliminary hearing, this court reviews the district court's findings of fact to determine whether they are supported by substantial competent evidence and whether they are sufficient to support the district court's conclusions of law. This court has unlimited review over a district court's conclusions of law and its decision to grant or deny a 60-1507 motion. *Adams*, 311 Kan. at 578. Thomas filed his 60-1507 motion pro se, and although courts must liberally construe pro se pleadings, Thomas was still required to allege facts sufficient to warrant an evidentiary hearing. Mere conclusory allegations, without factual basis in the record, are insufficient to raise a substantial issue of fact necessitating an evidentiary hearing. *Mundy v. State*, 307 Kan. 280, 304, 408 P.3d 965 (2018).

Ineffective assistance of trial counsel claims are analyzed under a two-prong test—first, the movant must show that counsel's performance was deficient. If that is shown, the movant must next show that the deficient performance was prejudicial. To show deficient performance, the defendant must establish that counsel's performance fell below an objective reasonableness standard. Defendants must overcome a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. If deficient performance is shown, the defendant must establish prejudice by showing, based on the totality of the evidence, there was a reasonable probability that the deficient performance affected the outcome of the proceedings. *Khalil-Alsalaami v. State*, 313 Kan. 472, 485-86, 486 P.3d 1216 (2021).

In Thomas' motion, he asserted:

"First, Mr. Wagle failed to investigate the matter, failed to locate and question witness, and failed to put on any defense.

"[Thomas] had an Alibi Defense concerning the events of November 4, 2010. At the time of the alleged events, [Thomas] was with his cousin, [A.C.], and could not have committed the crimes alleged. [A.C.] had already given statements to the FBI, concerning

5

November 4, 2010. Mr. Wagle never obtained the FBI Investigation reports from the FBI. Never contacted [A.C.], and never served Notice of [Thomas'] Alibi defense.

"Had Mr. Wagle properly engaged in the role of counsel, as stated above, [Thomas] would have been found not guilty of the events charged for November 4, 2010. [Thomas] is actually innocent of these charges."

At the preliminary hearing on Thomas' motion, his counsel asserted that a full evidentiary hearing was necessary because the record did not reveal whether Thomas' trial counsel investigated—or took any action regarding the alibi witness. The State argued that Thomas' motion failed to carry his burden to show he was entitled to an evidentiary hearing because he failed to sufficiently allege how his counsel's actions prejudiced him at trial.

At the hearing denying Thomas' K.S.A. 60-1507 motion, the district court skipped the first prong in evaluating the effectiveness of Thomas' trial counsel and noted it could examine the prejudice prong before determining whether counsel's performance was deficient. See *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) ("Although we have discussed the performance component of an ineffectiveness claim prior to the prejudice component, there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."). The district court then explained:

"Thomas claims he was with his cousin, [A.C.], at the time of the November 4th incident, and that [A.C.] had given a statement to the FBI as part of the federal investigation of Thomas. Thomas alleges Wagle failed to investigate Carter's alibi and to obtain Carter's statement from [the] FBI.

. . . .

"As I mentioned, this judge was the trial judge and identity was the issue at trial. The Court notes there were videos of the November 27th and November 29th business

6

robberies. The Court notes that Wagle did focus on the identity of Mr. Thomas at trial, and he had barely anything at all of anything to work with with regard to the business robberies.

"There were videos, one of which where Mr. Thomas actually looked, put his face up and approached the camera, and you could see his teardrop tattoo, really hard to dispute that it was him with those. Of course, there wasn't a video at the—with regard to the residential burglaries, but the identifications were an individual who is African American, teardrop tattoo, wearing a brown coat, jeans, heavy set, and in all three instances he was identified with a lineup. . . .

"When the Court considers—and Wagle did attempt at trial to raise the issue of identity. But when the Court considers the evidence from the identification from the witnesses and, again, a teardrop tattoo under the eye is a pretty distinctive, pretty distinctive identification, much less the brown jacket and the weight, the Court concludes that there was not a reasonable probability of a different outcome, even if [Thomas] had in his motion provided me with more definitive statement of what Carter's statement would be."

The district court then denied Thomas' motion because he could not establish prejudice, stating in its order that "[t]he court ruled that Thomas had not established sufficient prejudice regarding the alibi witness claims . . . ."

This court exercises unlimited review over the district court's legal conclusion that Thomas' 60-1507 motion did not establish sufficient prejudice to warrant an evidentiary hearing. Therefore, this court must determine whether the motion, files, and records conclusively show that Thomas would be unable to demonstrate there was a reasonable probability that his counsel's deficient performance affected the outcome of his trial. See K.S.A. 2020 Supp. 60-1507(b); *Khalil-Alsalaami*, 313 Kan. at 485-86. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. 313 Kan. at 486.

The district court explained that Thomas' attorney did attempt to make identity an issue at trial. This was not a difficult task for the robberies of the businesses because there was video surveillance footage. But there was no video footage of the November 4

7

residential break-in for which Thomas claims he had an alibi witness. The jury also had no DNA or other physical evidence connecting Thomas to the November 4 residential break-in. The only evidence connecting Thomas to the November 4 residential break-in was an eyewitness identification by one of the victims, K.E. The State alleged that two people committed the November 4 residential break-in, and K.E. testified that she told police that one of the men who broke into her home was a Black man who appeared to be between 25 and 30 years old, less than 6 feet tall, weighing over 200 pounds, who had a teardrop tattoo and a gold tooth. K.E. described his attire at the time as jeans with a brown jacket, and later identified Thomas in a photo array lineup after being unable to identify him in a prior lineup. D.L., another victim of the November 4 residential break-in, could not identify either person involved in the break-in, including the person who shot him. D.L. was not shown a photo array lineup. At trial, it was confirmed that Thomas had an oval-shaped tattoo on his left cheek and gold upper teeth. No other physical identification of Thomas was made at trial related to the November 4 residential break-in, but other identification was introduced related to the business robberies which are unrelated to Thomas' 60-1507 motion here.

The district court denied Thomas an evidentiary hearing for his 60-1507 motion because it found that even if Thomas' counsel failed to investigate and present an alibi witness for the November 4 residential break-in—Thomas cannot show this failure prejudiced him because the remaining identification evidence presented at trial was so strong that the alibi would not have affected the outcome of the trial. But this court's review of the totality of the evidence does not conclusively show that Thomas would be unable to demonstrate that "there is a reasonable probability the jury would have reached a different result" had his attorney presented evidence of an alibi witness. See *Rucker v. State*, No. 118,112, 2018 WL 3485666, at *5-6 (Kan. App. 2018) (unpublished opinion) (examining an ineffective assistance of counsel claim for failure to investigate an alibi witness); see also *State v. Thomas*, 26 Kan. App. 2d 728, 732, 993 P.3d 1249 (1999) (finding an alibi witness' testimony could have created reasonable doubt for the jury

where the State presented only one witness' testimony connecting the defendant to the crime and no other witnesses or physical evidence).

Just as here, on appeal Rucker argued that the district court erred by dismissing his K.S.A. 60-1507 ineffective assistance of counsel claim without an evidentiary hearing because he had demonstrated his trial counsel was deficient for failing to investigate and present alibi witnesses. On appeal the record did not show whether Rucker's counsel knew of the alibi witness or what, if any, actions counsel took to investigate the potential alibi witness. A panel of this court found that a question of fact existed as to whether Rucker's counsel's performance was deficient, and because the State only presented one witness identifying Rucker as the perpetrator—and Rucker's sole defense at trial was that someone else did it—there was a reasonable probability the trial outcome would have been different if Rucker had alibi witnesses. 2018 WL 3485666, at *5-6.

Here, Thomas' sole defense at trial was that someone else committed the charged crimes and he was mistakenly identified as the perpetrator. And like in *Rucker* and *Thomas*, here the State's only evidence connecting Thomas to the November 4 residential break-in was K.E's eyewitness identification. While K.E. did testify to specific physical characteristics of the perpetrator, this court cannot say that those characteristics as described by a single person are so unique as to make alibi witness testimony not reasonably likely to affect the outcome of the trial. Considering the totality of the evidence, this court cannot say that there is no reasonable probability the outcome of Thomas' trial would have been different had his counsel investigated and presented an alibi witness for the November 4 residential break-in. Therefore, the motion, files, and records do not conclusively show that Thomas is not entitled to relief, and thus this court reverses the district court's denial of Thomas' ineffective assistance of trial counsel claim and remands for an evidentiary hearing on this claim. The district court's denial of an evidentiary hearing for all other claims in Thomas' K.S.A. 60-1507 motion is affirmed.

9

Affirmed in part, reversed in part, and remanded with directions.