IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,129

ALCENA M. DAWSON,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

SYLLABUS BY THE COURT

1.

A K.S.A. 60-1507 movant has no constitutional right to the effective assistance of counsel in the postconviction proceedings, but under K.S.A. 22-4506(b) a district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact.

2.

As a matter of procedural due process, a K.S.A. 60-1507 movant has the right to counsel when the court holds a hearing to determine whether the motion, files, and records present a substantial question of law or triable issue of fact and the State is represented by counsel at the hearing.

3.

The district court's solicitation of a written response to a K.S.A. 60-1507 motion from the State's attorney, and the court's review of the State's response, is not the functional equivalent of a hearing and does not trigger the movant's due process right to an attorney.

1

4.

A district court is not required to entertain successive K.S.A. 60-1507 motions on behalf of the same movant unless there are exceptional circumstances. If the K.S.A. 60-1507 movant files a second or successive motion, the movant has the burden of establishing exceptional circumstances to avoid dismissal of the motion as an abuse of remedy.

Review of the judgment of the Court of Appeals in an unpublished opinion filed January 20, 2017. Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed July 12, 2019. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, and *Krystle M.S. Dalke*, of the same firm, were on the brief for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

JOHNSON, J.: Alcena M. Dawson petitions for our review of the Court of Appeals' affirmance of the district court's summary denial of his fourth K.S.A. 60-1507 motion. He claims the district court violated his due process rights when it asked the State for a response to the motion and reviewed that response without appointing counsel for Dawson. Dawson also contends that he is entitled to an evidentiary hearing on his motion based upon exceptions that would permit his untimely and successive filing. Finding no error, we affirm the lower courts.

FACTUAL AND PROCEDURAL OVERVIEW

In 1997, a jury found Dawson guilty of the rape of his then girlfriend's seven-year-old daughter, D.C. The allegations of Dawson's genitalia-to-genitalia touching of D.C. came to light after Dawson moved out of the girlfriend's house. The girlfriend called the police and subsequently took her daughter to the hospital for a sexual assault examination. During a colposcopic examination, one of the two sexual assault nurse examiners (SANE) involved noted some debris inside D.C., and collected it with a swab. The SANE could not say whether the debris contained DNA material. The swab was apparently never submitted to laboratory testing and at some point was destroyed.

On direct appeal, Dawson challenged the SANEs' qualifications, the sufficiency of the evidence, and his criminal history. The Court of Appeals affirmed his conviction and sentence. *State v. Dawson*, No. 79,652, unpublished opinion filed December 23, 1999 (Kan. App.), *rev. denied* 269 Kan. 935 (2000) (*Dawson I*).

Since his direct appeal, Dawson has filed multiple postconviction motions, several of which are relevant here. In 2001, Dawson filed what appears to be his first K.S.A. 60-1507 motion. This motion is not included in the record of this appeal, but according to the district court's final order dismissing Dawson's current motion, Dawson's 2001 motion raised a *Batson* challenge and a claim of ineffective assistance of counsel. The district court denied the 2001 motion and Dawson did not appeal.

In 2002, Dawson filed his second K.S.A. 60-1507 motion, which is also not included in the record of this appeal. According to the resulting Court of Appeals opinion, that motion asserted ineffective assistance of counsel and multiple trial errors, including:

"the exclusion of evidence, such as rape kit report, DNA testing, and polygraph tests; the aggregation of Dawson's misdemeanor convictions; the inclusion of two rape victims and jurors with personal knowledge of the case on the jury; the credibility of witnesses' testimony; the trial court's refusal to allow psychiatric exams of the mother of the victim; the exclusion of expert testimony refuting the medical exams performed in this case; and prosecutorial misconduct." *Dawson v. State,* No. 94,720, 2006 WL 3877559, at \*1 (Kan. App. 2006) (unpublished opinion), *rev. denied* 283 Kan. 930 (2007) (*Dawson II*).

The district court had appointed counsel and held a pretrial hearing before determining that Dawson's second 60-1507 motion was successive, failed to provide an evidentiary basis to review his claims, and failed to identify exceptional circumstances to warrant relief. "The district court granted Dawson an additional 30 days to gather additional information to support his arguments; however, after Dawson filed a motion to reconsider, the district court again determined that Dawson failed to identify exceptional circumstances to warrant a review." 2006 WL 3877559, at \*1.

On appeal, Dawson argued the district court erred in dismissing his motion without an evidentiary hearing, that his 60-1507 counsel was ineffective, and that the district court did not enter findings of fact and conclusions of law on all issues presented. The Court of Appeals affirmed, holding that many of Dawson's claims involved trial errors and further that Dawson had not demonstrated exceptional circumstances that prevented him from raising his claims on direct appeal or in his first 60-1507 motion. 2006 WL 3877559, at \*3. The Court of Appeals specifically rejected Dawson's contention that he did not raise an issue of ineffective assistance of counsel in his first motion and held "Dawson should not be permitted to piecemeal an issue of ineffective assistance of counsel to circumvent Supreme Court Rule 183(d)." 2006 WL 3877559, at \*2. Further, the Court of Appeals rejected Dawson's contention that his 60-1507 counsel for his second motion was ineffective. 2006 WL 3877559, at \*2.

4

In April 2014, Dawson filed a motion for forensic DNA testing under K.S.A. 21-2512. The district court appointed counsel and held a hearing on the motion. The district court denied the motion because the evidence Dawson sought to have tested was destroyed and therefore could not be produced. In the order denying Dawson's present motion, the district court found "the evidence had been destroyed in the regular course of business, with no bad faith, prior to movant's direct appeal." This finding appears to have been adopted from the State's response. Dawson appealed the denial of his motion for DNA testing. But Dawson later filed a motion to withdraw the notice of appeal.

In July 2014, Dawson filed his third 60-1507 motion. This motion is also not in the record, but the district court's order on the current motion found that the third motion raised several claims, including ineffective assistance of trial counsel based on the attorney's failure to, *inter alia*, prepare a defense, call witnesses, and demand production of lab results and evidence. The district court's order on the current motion also provides that in March 2015, the district court declined to address Dawson's third motion and summarily denied it because Dawson had a pending appeal. Dawson did not appeal this denial.

In February 2015, Dawson filed the subject pleading, his fourth 60-1507 motion. The pro se motion asked for a writ of habeas corpus to correct a manifest injustice created by ineffective assistance of counsel and the State's destruction of material exculpatory evidence. More specifically, Dawson argued his trial counsel, Susan Martin, was ineffective for failing to honor Dawson's request to test existing DNA material in order to prove that he was innocent of the rape allegations; counsel was ineffective for failing to object to a SANE's testimony about a DNA test swab kit, which was not actually tested but led the jury to believe DNA evidence existed showing Dawson's guilt; and the State violated Dawson's due process rights to discovery and confrontation when the State destroyed material DNA evidence in bad faith and in violation of statutory law.

5

The register of actions reflects that on July 22, 2015, the district court emailed the assistant district attorney, requesting the State's response to the motion. The State responded, arguing that Dawson's motion was time-barred and that Dawson had not established manifest injustice for failing to timely file his motion. Further, the State asserted that Dawson had failed to carry his burden to establish exceptional circumstances for considering a successive motion.

The district court denied Dawson's fourth motion, finding it was untimely, successive, and an abuse of remedy. The district court specifically held that Dawson had failed to present a credible argument or evidence showing that exceptional circumstances excused Dawson's failure to raise his present issues on direct appeal or in his first 60-1507 motion.

Dawson appealed to the Court of Appeals, claiming the district court had violated his due process rights when it failed to appoint counsel to represent him after the State's attorney filed a formal written response to the motion at the district court's request. Dawson also argued that he had shown the district court manifest injustice and exceptional circumstances to overcome the procedural bars to the review of his motion on its merits.

The Court of Appeals held that the district court did not err in summarily dismissing Dawson's motion. The panel rejected Dawson's due process argument, but also held that any error stemming from the State's response was harmless because the motions, files, and records conclusively showed Dawson was not entitled to relief. The panel opined that the question of whether the manifest injustice extension of the time limit should have been applied could not be determined from the record. But the panel held that Dawson's motion was nevertheless barred as successive and an abuse of remedy because Dawson failed to show exceptional circumstances allowing him to raise his

6

claims in his fourth 60-1507 motion. *Dawson v. State*, No. 115,129, 2017 WL 262027 (Kan. App. 2017) (unpublished opinion) (*Dawson III*).

Dawson timely petitioned this court for review.

ALLEGATIONS OF DUE PROCESS VIOLATIONS

Dawson contends that the district court violated his due process rights when it solicited a written response from the State's attorney, but then failed to appoint counsel to represent Dawson. He also asserts that the failure to appoint him counsel violated the protocol on handling K.S.A. 60-1507 motions established by caselaw. See, e.g., *Lujan v. State*, 270 Kan. 163, 170-71, 14 P.3d 424 (2000) (outlining three avenues a district court can take upon receiving a 60-1507 motion). In addition, Dawson complains that the State's response was untimely under Supreme Court Rule 133(b) (2019 Kan. S. Ct. R. 204) and that the Kansas Judicial Council forms for filing a K.S.A. 60-1507 are defective.

*Standard of Review*

The extent of Dawson's statutory right to counsel during a K.S.A. 60-1507 proceeding is a question of law over which this court has unlimited review. See *Mundy v. State*, 307 Kan. 280, 294, 408 P.3d 965 (2018) (quoting *Robertson v. State*, 288 Kan. 217, 227, 201 P.3d 691 [2009]); see also *Thompson v. State*, 293 Kan. 704, 710, 270 P.3d 1089 (2011) (interpretation of statutes and Supreme Court rules reviewable de novo). Likewise, Dawson's due process claims present questions of law over which we exercise unlimited review. See *Hogue v. Bruce*, 279 Kan. 848, 850, 113 P.3d 234 (2005).

7

*Analysis*

In *Stewart v. State*, 309 Kan. ___, ___ P.3d ___ (2019) (No. 115,149, this day decided), we addressed the question of whether the district court's consideration of a written response from an attorney for the State without first appointing counsel for an indigent 60-1507 movant violated the movant's right to due process of law. We held that the district court's review of the State's filed response to a 60-1507 motion, standing alone, did not create an indigent movant's right to counsel. *Stewart*, 309 Kan. at ___, slip op. at 14-16. Rather, "as a matter of procedural due process, a movant has the right to counsel when the court holds a hearing at which the State is represented by counsel." *Stewart*, 309 Kan. at ___, slip op. at 16. Given that the district court did not conduct a hearing in this case, its refusal to appoint counsel for Dawson did not constitute a due process violation.

Dawson suggests that, here, it was the district court's actively seeking a written response from the State's attorney that triggered its due process obligation to appoint an attorney to represent him. In *State v. Redding*, 309 Kan. ___, ___ P.3d ___ (2019) (No. 115,037, this day decided), the district court sent a copy of a postconviction pro se motion directly to the State's attorney and advised that the court would wait for the State's response before reviewing the motion. Notwithstanding the court's solicitation of a response from the State, we applied the same test for determining the due process right to counsel for a postconviction movant, i.e., due process is implicated when the district court conducts an actual hearing at which the State is represented by an attorney. *Redding*, 309 Kan. at ___, slip op. at 10. To be clear, a district court's request for or solicitation of the State's written response to a pro se postconviction motion does not change the due process calculus set forth in *Stewart*.

Dawson's argument that the district court violated the protocol mandated by the applicable statutes and Supreme Court Rules is likewise unavailing. *Stewart* reiterated that a 60-1507 movant has no constitutional right to the effective assistance of counsel in the postconviction proceedings, but that, under some circumstances, a statutory right to counsel exists for such a collateral attack. *Stewart*, 309 Kan. at ___, slip op. at 8. Specifically, pursuant to K.S.A. 22-4506(b), "a district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact." *Stewart*, 309 Kan. at __, slip op. at 9. But the district court's identification of a potentially substantial issue does not trigger that statutory duty. During the period that the district court is making its determination of whether the motion does, in fact, present a substantial question of law or triable issue of fact, "the district court may, but is not required to, appoint an indigent 60-1507 movant an attorney." *Stewart*, 309 Kan. at ___, slip op. at 11-12. It is only when the district court convenes a hearing to assist in that determination, at which the State is represented by counsel, that the appointment of counsel is required as matter of due process unless the movant has waived his or her right to counsel. *Redding*, 309 Kan. at ___, slip op. at 10.

In sum, because the district court determined that the motion, files, and records conclusively showed that Dawson was entitled to no relief, i.e., determined that there was no substantial question of law or triable issue of fact, it was not statutorily required to appoint counsel for Dawson. Further, because the district court did not conduct a hearing to determine the existence of a substantial question of law or triable issue of fact, the failure to appoint counsel for Dawson did not violate his due process rights.

Dawson also complains that the State's response to his motion was untimely. The panel had cited to our Rule 133(b), which states:

9

"An adverse party may file a memorandum in opposition to a motion, stating without extended elaboration the reasons the motion should be denied and citing authorities, if any, the court should consider in ruling on the motion. Except as otherwise provided by statute or these rules, the response must be filed not later than 7 days after service of the motion or as otherwise provided by the court." Supreme Court Rule 133(b) (2019 Kan. S. Ct. R. 205).

Dawson argues that if the panel relied on that rule as the authority for the State to file a response to his 60-1507 motion, it should have enforced the rule's seven-day time limit, as well.

Without discussing Rule 133, we have previously recognized that nothing in 60-1507 or our rules prohibits the State from responding to a 60-1507 motion. *Pabst v. State*, 287 Kan. 1, 24, 192 P.3d 630 (2008). Our Supreme Court Rule 183(a)(2) (2019 Kan. S. Ct. R. 229), that governs 60-1507 motions, provides: "[T]he procedure on a motion under K.S.A. 60-1507 is governed by the rules of civil procedure, K.S.A. 60-201 *et seq., to the extent the rules are applicable.*" (Emphasis added.) But in *Vontress v. State*, 299 Kan. 607, 612, 325 P.3d 1114 (2014), *superseded by statute as stated in Hayes v. State*, 307 Kan. 9, 13-14, 404 P.3d 676 (2017), this court recognized that "despite the general rule that K.S.A. 60-1507 motions are governed by the Kansas Rules of Civil Procedure, the plain language of Rule 183 provides that those rules will not always control." Similarly, we have never required the State's response to a 60-1507 motion to be filed within seven days of service of the motion under Rule 133(b).

Finally, Dawson suggests that he should be excused from complying with the procedural rules applicable to K.S.A. 60-1507 motions because the Judicial Council forms for filing a motion and poverty affidavit do not advise the movant of the time limitations or the legal standards for successive motions.

10

In his petition for review, Dawson's counsel, Michael P. Whalen, acknowledges that this challenge to the Judicial Council forms is being raised for the first time before this court. But counsel flippantly suggests that "before we get all excited to dismiss this argument because it wasn't raised before the district court or the Court of Appeals," we should note two exceptions permitting consideration of a newly raised constitutional issue. The arguments, however, are unpersuasive.

We first acknowledge that Dawson did not utilize the Judicial Council motion form, so one could question his standing to complain about its content. Nevertheless, for purposes of this appeal, we will assume Dawson relied on the form to draft his motion, as Supreme Court Rule 183(e) encourages "substantial compliance" with the Judicial Council motion form. See Supreme Court Rule 183(e) (2019 Kan. S. Ct. R. 230) (stating that a K.S.A. 60-1507 motion "is sufficient if it is in substantial compliance with the judicial council form. The form must be furnished by the clerk on request.").

Assuming Dawson did refer to the Judicial Council motion form, Dawson's appellate counsel references the form adopted in July 2012. This form instructs the movant to state concisely the reasons why a ground for relief has not been previously presented to any court. See July 1, 2012 Judicial Council Form. Nevertheless, Dawson is correct that the 2012 Judicial Council form did not explicitly mention the one-year time limitation in K.S.A. 60-1507(f)(1) or the manifest injustice exception for untimely motions. Nor does the form explicitly state that to avoid having a second or successive motion dismissed as an abuse of remedy, the movant must establish exceptional circumstances.

Even so, today in *Sherwood v. State*, 309 Kan. ___, ___, ___ P.3d ___ (No. 115,899, this day decided), slip op. at 6-7, we considered similar arguments and rejected a due process claim based on a 2013 version of the Judicial Council form. The 2012 and 2013 versions of the motion form contain the same language; the 2013 version contains

11

amendments to the poverty affidavit form not at issue here. Compare July 1, 2012 Judicial Council Form with July 1, 2013 Judicial Council Form. As in *Sherwood*, Dawson has not shown he was prejudiced by the motion form. See also *State v. Heironimus*, 262 Kan. 796, 808-09, 941 P.2d 1356 (1997) (rejecting due process claim based on defective notice because the defendant failed to show prejudice). The record suggests that Dawson had independent knowledge of the time limitations and the legal standards applicable to such motions. For instance, Dawson's motion states that it should be considered to correct a manifest injustice and cites to K.S.A. 60-1507(f)(2), indicating an actual knowledge of the time limitations. Moreover, this is Dawson's fourth 60-1507 motion and the 2006 Court of Appeals opinion on his second motion specifically stated that the motion was successive and that Dawson had failed to identify exceptional circumstances to warrant review. *Dawson II*, 2006 WL 3877559, at *1-2. In other words, whatever shortcomings might have been present in the Judicial Council form was trumped by Dawson's actual knowledge of the time limits and legal standards applicable to his 60-1507 motion. On these facts, we cannot conclude that the 2012 Judicial Council form deprived Dawson of due process.

MOVANT'S RIGHT TO AN EVIDENTIARY HEARING

The district court summarily denied Dawson's motion without conducting a hearing on the merits of his claims because it found the motion to be procedurally barred. Specifically, the district court found the motion to be untimely, successive, and an abuse of remedy. The Court of Appeals opined that the record was insufficient for it to determine whether the manifest injustice extension to the K.S.A. 60-1507(f) time limit was applicable in this case. *Dawson III*, 2017 WL 262027, at *2-3. Consequently, the panel relied on its determination that the motion was an abuse of remedy because Dawson had failed to show exceptional circumstances that would justify waiting to bring his current claims until his fourth successive 60-1507 motion. 2017 WL 262027, at *3.

12

*Standard of Review*

"When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to any relief." *Wimbley v. State*, 292 Kan. 796, 804, 275 P.3d 35 (2011).

*Analysis*

Dawson argues that the district court erred in finding that he had not established the requisite manifest injustice and exceptional circumstances to permit a merits review of his motion. But the absence of either exception would procedurally bar Dawson's motion. Indeed, the panel relied solely on the successive motion constraint to affirm the district court's summary denial. Accordingly, we will focus our attention on reviewing the exceptional circumstances holding by the Court of Appeals.

"[U]nder K.S.A. 60-1507(c), a court is not required to entertain successive motions on behalf of the same prisoner." *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). Nevertheless, "[t]his court has decades of caselaw holding that K.S.A. 60-1507's prohibition on successive motions is subject to exceptions." *Nguyen v. State*, 309 Kan. 96, 107, 431 P.3d 862 (2018). But a movant has the burden of establishing exceptional circumstances to avoid an abuse-of-remedy dismissal of a second or successive 60-1507 motion. *Beauclair v. State*, 308 Kan. 284, 304, 419 P.3d 1180 (2018); See also *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014) (movant has burden to prove 60-1507 motion warrants evidentiary hearing).

Dawson bases his claims on allegations that his trial attorney provided ineffective assistance of counsel. Specifically, he contends that his trial attorney was ineffective for failing to effect the preservation and testing of the DNA evidence on the rape kit swab,

13

for failing to conduct a reasonable investigation to discover whether the swab was ever lab tested, and for failing to object to the SANE's trial testimony about collecting debris with a swab when the State did not present evidence that the swab had been lab tested. He asserts that he repeatedly asked his trial attorney to obtain forensic testing of the swab because it would prove his innocence, but that his counsel simply ignored his requests.

Dawson suggests that trial counsel's ineffectiveness excuses the successiveness of his current claims. Granted, we have opined that the ineffective assistance of counsel can qualify as an exceptional circumstance that could justify failing to raise an issue on direct appeal. See, e.g., *Rowland v. State*, 289 Kan. 1076, 1087, 219 P.3d 1212 (2009). But Dawson must also establish some causal connection between the alleged ineffective assistance of counsel and the delay in asserting the postconviction claims, i.e., the exceptional circumstances must explain or justify the failure to assert a claim in a prior 60-1507 motion. See *Toney v. State*, 39 Kan. App. 2d 944, 948, 187 P.3d 122 (2008) ("Because Toney has not alleged any unusual events or intervening changes in the law which prevented him from reasonably being able to raise his [ineffective assistance of counsel] claim in his first K.S.A. 60-1507 motion, the trial court properly denied Toney's current K.S.A. 60-1507 motion as successive under K.S.A. 60-1507[c].").

Since the alleged ineffectiveness of Dawson's trial attorney, he has filed a direct appeal and three prior 60-1507 motions. Consequently, trial counsel's performance was not an intervening event that would explain the omission of the current claims from the first (or second or third) 60-1507 motion. Moreover, each of Dawson's prior 60-1507 motions included claims of ineffective assistance of counsel, some of which complained of the same conduct alleged in the current motion. Accordingly, as the State argues, Dawson's claims were known to him during, or immediately following, his trial, and the claims are related to those that were raised and rejected in his prior 60-1507 motions. Such successive consideration of the same issues is exactly what K.S.A. 60-1507(c) is designed to prevent.

In addition, Dawson makes the specious argument that his delay in raising the current claims of ineffective counsel was the result of his not knowing until October 2014 that the swab had been destroyed. The knowledge of the posttrial destruction of evidence obtained in 2014 was not necessary for Dawson to raise the complaint that his attorney at his 1997 trial repeatedly ignored his requests to have the rape kit swab tested for DNA evidence. Granted, the subsequent destruction of the evidence might impact the prejudicial effect of counsel's conduct, but it did not prevent Dawson from raising the ineffectiveness of trial counsel claim. In short, the Court of Appeals did not err in affirming the district court's finding that Dawson failed to establish exceptional circumstances to permit a merits review of his successive 60-1507 motion.

Affirmed.