NOT DESIGNATED FOR PUBLICATION

No. 124,402

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BILLIE K. ELLIOTT JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JEFFREY SYRIOS, judge. Opinion filed July 29, 2022. Affirmed.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HURST, P.J., BRUNS and GARDNER, JJ.

PER CURIAM: Billie K. Elliott Jr. appeals the district court's summary denial of his fourth K.S.A. 60-1507 motion as successive and untimely. Elliott argues that he demonstrated manifest injustice and exceptional circumstances to excuse his untimely and successive motion. This court finds that Elliott failed to establish manifest injustice to overcome the one-year time limitation for filing his motion or exceptional circumstances to warrant consideration of his successive claims. Accordingly, the district court's decision is affirmed.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In 1997, a jury convicted Elliott of one count each of aggravated criminal sodomy and aggravated indecent liberties with a child, which occurred while he was on parole from a 1986 case in which he pled guilty to two counts of indecent liberties with a child. The district court sentenced Elliott to 576 months' imprisonment for the 1997 conviction, and a panel of this court affirmed that conviction and sentence on direct appeal. *State v. Elliott*, No. 79,012, 1999 WL 35814156 (Kan. App. 1999) (unpublished opinion). The mandate issued on November 12, 1999.

In 2000, Elliott filed a timely 60-1507 motion alleging he received ineffective assistance from his trial counsel. The district court summarily denied his motion, but a panel of this court reversed and remanded the matter for an evidentiary hearing. *Elliott v. State*, No. 86,668, 2002 WL 35657335 (Kan. App. 2002) (unpublished opinion). On remand, the district court conducted a hearing and concluded that Elliott was not entitled to relief on any of his claims. Elliott appealed and a panel of this court affirmed the district court's denial of his motion. *Elliott v. State*, No. 90,190, 2004 WL 556756 (Kan. App. 2004) (unpublished opinion).

The next year, Elliott filed another 60-1507 motion, again raising claims of ineffective assistance of counsel. The district court denied the motion, Elliott appealed, and a panel of this court affirmed the district court's ruling. *Elliott v. State*, No. 96,476, 2007 WL 1747908 (Kan. App. 2007) (unpublished opinion). In 2011, Elliott filed yet another 60-1507 motion, this time contending his right to a speedy trial had been violated. The district court again summarily denied the motion, noting that it was successive and untimely, and a panel of this court affirmed the decision. *Elliott v. State*, No. 107,387, 2013 WL 1010344 (Kan. App. 2013) (unpublished opinion). Undeterred, Elliott filed his fourth 60-1507 motion in 2014, alleging ineffective assistance of counsel as well as instructional error. The district court summarily denied the motion, finding it

was untimely and successive—Elliott appealed the decision to this court but later voluntarily dismissed his appeal.

On June 29, 2021, Elliott filed his fifth 60-1507 motion—the subject of his present appeal. In this fifth motion, Elliott asserted that "[m]anifest injustice and exceptional circumstances exist for entertainment of a successive petition, actual innocence." Elliott raised five substantive claims regarding both his 1986 and 1997 cases, including: instructional error, the failure to include lesser included offenses, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and disparate sentencing. The State argued that the district court lacked jurisdiction over any claims related to Elliott's 1986 case, because he had already completed the sentence and that Elliott had failed to show manifest injustice or exceptional circumstances to excuse the untimely and successive nature of his remaining claims. On July 29, 2021, the district court summarily denied Elliott's motion without addressing any of his substantive claims and concluded (1) it did not have jurisdiction over any claims regarding the 1986 case due to the completion of his sentence, and (2) Elliott's remaining claims were untimely and successive, and that he failed to demonstrate manifest injustice or exceptional circumstances.

Elliott appeals.

DISCUSSION

On appeal, Elliott argues the district court erred in summarily denying his 60-1507 motion because he established both manifest injustice and exceptional circumstances entitling him to the appointment of counsel and an evidentiary hearing. Elliott does not contest the court's finding that it lacked jurisdiction over any claims related to his 1986 case. See *State v. Smith*, 311 Kan. 109, 122, 456 P.3d 1004 (2020) ("Because [the

3

prisoner] is no longer serving his sentence, [a motion under K.S.A. 60-1507] is foreclosed to him.").

As Elliott is well aware, defendants can use a 60-1507 motion to collaterally challenge their conviction or sentence. Upon receiving such a motion, a district court has three options. First, it may summarily deny the motion if the court determines the motion, files, and case records conclusively show the defendant is not entitled to relief. Second, the court may deny the motion after holding a preliminary hearing and determining that no substantial issues exist. Third, if the court determines that a substantial issue exists it may conduct a full evidentiary hearing on the motion. *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018). When, as here, the district court summarily denies a 60-1507 motion, this court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that Elliott is not entitled to relief. *Dawson v. State*, 310 Kan. 26, 35-36, 444 P.3d 974 (2019).

Elliott admits that he filed his present motion well outside the one-year time limitation imposed by 60-1507(f)—in fact, more than 20 years outside that time limit. Given the decades of delay, Elliott's motion could only receive a review of its merits if he established manifest injustice, either through asserting reasons "why [he] failed to file the motion within the one-year time limitation" or making a "colorable claim of actual innocence." See K.S.A. 2021 Supp. 60-1507(f)(2), (3). Elliott carries the burden to establish, by a preponderance of the evidence, that he will suffer manifest injustice if his untimely 60-1507 motion is not granted review. See *White*, 308 Kan. at 496.

In the current 60-1507 motion Elliott contends that in June 2021 he received "new information" about the performance of his trial and appellate counsel that rises to the level of manifest injustice. Specifically, Elliott claimed in his motion that "[d]uring the month of June 2021, [he] was made aware that plain error is present which affected his fair trial right." It appears that the allegedly new information Elliott is referring to is an

allegation that his counsel failed to seek lesser included offense instructions, although Elliott also references his appellate counsel's failure to raise certain issues in his direct appeal. Elliott neglects to explain why he could not have filed his present 60-1507 motion earlier, but merely raises additional substantive claims and allegations against his former attorneys. Furthermore, Elliott has filed multiple prior motions alleging ineffective representation from his counsel, and he was obviously aware of the quality of that representation prior to June 2021. See *Elliott*, 2002 WL 35657335; *Elliott*, 2004 WL 556756; *Elliott*, 2007 WL 1747908. Ultimately, Elliott's bare assertion that he received ineffective assistance of counsel is insufficient to show that he suffered a manifest injustice that prevented him from timely filing his present K.S.A. 60-1507 motion.

Elliott further claims that he made "an actual innocence claim in his petition [by] suggesting that a recantation of the children's testimony could be waiting in the wings." In his motion, he asserted that "no DNA exist[s], due to police negligence/investigation, medical report indicating -no sexual assault, 21-2512 DNA requested." Contrarily, on appeal Elliott concedes that he has no evidence to support his declaration of innocence— he even stated in his motion that he was not submitting any "affidavits that may produce a different result upon retrial." Elliott's conclusory allegations of innocence, alone, are insufficient to constitute manifest injustice to excuse his late filing. See, e.g., *Beauclair v. State*, 308 Kan. 284, 302, 419 P.3d 1180 (2018) (A movant must do more than merely proclaim innocence, otherwise "[e]very late K.S.A. 60-1507 motion could allege actual innocence on the movant's word alone as a gateway to consideration of the motion's merits."). While a colorable claim of actual innocence may act as a gateway to permitting the consideration of an untimely 60-1507 motion, a movant must provide more than conclusory assertions of innocence.

Manifest injustice, although not statutorily defined, is an action that is obviously unfair or shocks the conscience. *White*, 308 Kan. at 496. This, Elliott's fifth 60-1507 motion, contains no allegations that shock the conscience or are so obviously unfair as to

require a review of the merits of Elliott's untimely claims. The district court did not err in finding that Elliott failed to show that manifest injustice would result from imposition of the procedural bar prohibiting review of 60-1507 motions filed outside the one-year time limitation.

Elliott's failure to establish manifest injustice bars this court's consideration of the merits of his 60-1507 motion, and this court need not reach the question of whether Elliott demonstrated exceptional circumstances. See *Dawson*, 310 Kan. at 36. Because this court concludes that the district court properly summarily dismissed Elliott's fifth 60-1507 motion as untimely, it is unnecessary to consider any of his other arguments.

Affirmed.