NOT DESIGNATED FOR PUBLICATION

Nos. 123,722
124,187
124,189

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

PERRY PARKS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL GROSKO and AARON T. ROBERTS, judges. Opinion filed August 5, 2022. Affirmed in part, reversed in part, and remanded with directions.

*Kristen B. Patty*, of Wichita, for appellant.

*Kayla Roehler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before CLINE, P.J., ISHERWOOD and HURST, JJ.

PER CURIAM: Perry Parks was convicted of first-degree felony murder and aggravated robbery in 2008 and sentenced to prison for what amounts to the rest of his natural life. Parks appealed his convictions on several grounds, all of which the Kansas Supreme Court found unavailing. Since then, Parks has filed five K.S.A. 60-1507 motions, all of which have been summarily denied by the district courts. This is the consolidated appeal from three of Parks' 60-1507 motions, in which he argues only that

1

the district court erred in summarily denying his first 60-1507 motion because the court incorrectly found that he had already raised his ineffective assistance of counsel claims on direct appeal. The State admits the district court's basis for its summary denial was an error, and this court agrees—and finds the solution is to reverse the summary denial of Parks' first 60-1507 motion and remand to the district court to determine whether Parks' claims should be afforded a hearing consistent with this court's determination that the claims are not properly denied under the doctrine of res judicata.

FACTUAL AND PROCEDURAL BACKGROUND

After the district court sentenced Parks to life without the possibility of parole for 20 years with an additional consecutive 247-month sentence, Parks appealed to the Kansas Supreme Court and raised these eight issues:

"(1) Did the district judge err in admitting evidence of Parks' post-*Miranda* silence? (2) Did violation of an order in limine prohibiting reference to Parks' possession of illegal drugs violate Parks' right to [a] fair trial? (3) Was Parks' right to confrontation violated by limitation of his counsel's cross-examination of a State's witness about the witness' immigration status? (4) Was the district judge's inclusion of an *Allen*-type instruction reversible error? (5) Did cumulative error deprive Parks of a fair trial? (6) Did the district judge err in sentencing Parks for both first-degree felony murder based on the underlying felony of aggravated robbery and for aggravated robbery? (7) Did the district judge err in sentencing Parks to the term of imprisonment at the upper limit of the applicable Kansas Sentencing Guidelines Act grid box without requiring a jury to find the existence of an aggravating factor beyond a reasonable doubt? and (8) Did the district judge err by sentencing Parks based on criminal history that was not proved to a jury beyond a reasonable doubt?" *State v. Parks*, 294 Kan. 785, 786-87, 280 P.3d 766 (2012).

The court recited the facts of Parks' underlying crimes, which are of no relevance to this appeal, and found that the district court erred regarding issues two and four, but

ultimately determined those errors were harmless and affirmed Parks' convictions and sentences. 294 Kan. at 796, 801, 806. The mandate issued on August 16, 2012.

Defendants may use K.S.A. 60-1507 motions to collaterally attack their convictions or sentences, and less than a year later, on May 30, 2013, Parks filed his first pro se 60-1507 motion alleging several issues identified in four separate titled areas that stated:

1. "The District Court Committed Reversible Error in Failing [to] Instruct Juror on Lesser Included Offense of Second Degree Murder, Voluntary Manslaughter, [and] Involuntary Man-slaughter pursuant to K.S.A. 22-3414(3)."

2. "The Court Made An Error of Law Regarding Use of Parks Post-Arrest Silence As Evidence Guilt & Failed to Apply Correct Legal Principle to Structural Error Resulting in Manifest Injustice."

3. "The Trial Court and Appellate Court Incorrectly and Unreasonably Denying Petitioner's 6th Amendment Right to Confrontation of Morales' Immigration Status As It Was A Motive To Testify In Light of 8 C.F.R. 215.2(a), 215.3(g) Which Would Prevent Removal in Violation of *Delaware v. Van Arsdall*, 475 U.S. 673 (1986)."

4. "Parks 5th & 14th Amendment to Double Jeopardy Was Violated by Imposition of Consecutive Sentence[s] for Felony-Murder and Aggravated Robbery Due to Incorrect Application of *Whalen v. U.S.*, 445 U.S. 684 (1980) Because Without Aggravated Robbery There Is No Felony-Murder, Thus an Integral Element."

Parks' stated issues are not as succinct or cogent as they could be, but Parks filed his first motion without counsel and it is well settled that this court and the district court should read such motions liberally, identifying the defendant's intent rather than strictly construing titles and headings. See *Nguyen v. State*, 309 Kan. 96, 105, 431 P.3d 862 (2018) (Kansas courts "liberally construe pro se pleadings '[to give] effect to the pleading's content rather than the labels and forms used to articulate the arguments.' [Citation omitted.]").

3

On June 6, 2013, the district court summarily denied Parks' 60-1507 motion and made these three findings:

> "1. That the claims made in the petitioner's motion have been heard on direct appeal.
>
> "2. That the files and records of this case show that the petitioner is not entitled to relief.
>
> "3. That the petitioner has not made claims which raise substantial issues of fact or substantial questions of law which would require a full hearing and appointment of counsel."

The district court's journal entry further provided, "pursuant to Supreme Court Rules 183(c)(3), (F), (h) and (i) the Court finds the petitioner's motion is without merit and is hereby denied." Supreme Court Rule 183(c)(3) provides:

> "A proceeding under K.S.A. 60-1507 ordinarily may not be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors must be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal, provided exceptional circumstances excuse the failure to appeal." (2022 Kan. S. Ct. R. at 243).

The court provided no further explanation and Parks filed a timely notice of appeal on July 1, 2013. Through a series of events, many years later on August 6, 2021, this court granted leave to docket the appeal out of time.

In an atypical bit of timing, prior to Parks' appeal of his first and timely 60-1507 motion, he filed a second 60-1507 motion on November 13, 2014, which the district court summarily denied as successive and untimely, and a panel of this court affirmed. *Parks v. State*, No. 116,748, 2017 WL 4324661 (Kan. App. 2017) (unpublished opinion); Parks filed his third 60-1507 motion on September 14, 2016, which the district court summarily denied, and Parks did not appeal. Parks filed his fourth 60-1507 motion on August 4,

4

2017, and filed his fifth 60-1507 motion on February 14, 2018. Parks' fourth and fifth 60-1507 motions alleged the same claims as his third 60-1507 motion. On May 16, 2018, the district court summarily denied his fourth and fifth 60-1507 motions as being untimely and successive.

In what may be a fruitless attempt at a simplified explanation—prior to Parks' appeal of the summary denial of his first and timely 60-1507 motion—Parks filed his second, third, fourth, and fifth 60-1507 motions which were all summarily denied by the district court. He now appeals the district court's decision to summarily deny his first 60-1507 motion filed in 2013, his fourth 60-1507 motion filed in 2017, and his fifth 60-1507 motion filed in 2018. This court granted leave to docket all three appeals and granted Parks' motion to consolidate the appeals.

## DISCUSSION

On appeal, Parks has abandoned all but one argument. Although Parks appeals from the summary denial of his fourth and fifth 60-1507 motions, which were consolidated here with his appeal from the summary denial of his first 60-1507 motion filed in 2013—Parks makes no arguments regarding either his fourth or fifth 60-1507 motion. Additionally, Parks makes only a single argument regarding his first 60-1507 motion—that the district court erred in its reason for denying his ineffective assistance of counsel claims—and raises no other claims related to his first 60-1507 motion. Thus, Parks' failure to raise any claims related to his fourth and fifth 60-1507 motions and his decision to only bring one claim related to his first 60-1507 motion means he has waived and thus abandoned any of those potential claims. See *In re Marriage of Williams*, 307 Kan. 960, 977, 417 P.3d 1033 (2018) (issues not briefed on appeal are deemed waived or abandoned).

Parks' only argument in this consolidated appeal is that the district court erred when it summarily denied his first 60-1507 motion filed in 2013 without reviewing the merits because—contrary to the district court's ruling—not every issue in that motion was previously raised in Parks' direct appeal. Although not clear from the headings, Parks' first 60-1507 motion alleges that both appellate and trial counsel were ineffective for failing to raise the jury instruction issues. Included in his first issue, Parks stated:

"Appellate counsel was ineffective for arguing lesser included offense of aggravated robbery under 21-3107 which it is not, [versus] the correct and known argument under KSA 22-3414(3).

"Trial counsel was ineffective for failing to request them."

Notably, the State admits that "[t]he district court was incorrect in finding the issues were heard on direct appeal."

While the State admits the error, it seeks to avoid remand of the issue by providing an extensive analysis of the merits of Parks' ineffective assistance of counsel claims in his first 60-1507 motion—asking this court to analyze the merits for the first time on appeal and affirm the district court's summary denial as right for the wrong reason. While it is true that an appellate court "may affirm a district court as right for the wrong reason if an alternative basis exists for the district court's ruling," that typically occurs when the district court has first conducted some type of merits review. See *State v. Overman*, 301 Kan. 704, 711-12, 348 P.3d 516 (2015) (finding that the court's denial of the defendant's motion to suppress was right for the wrong reason when the district court erroneously applied the search incident to arrest exception but the automobile exception supported the finding); see also *Nichols v. State*, No. 123,043, 2021 WL 5445354, at *1 (Kan. App. 2021) (unpublished opinion) (remanding for further consideration when the district court erroneously dismissed a 60-1507 motion as successive).

Unlike cases when this court has determined it can decide the ultimate issue consistent with the district court's disposition despite the district court's erroneous reasoning, here, the district court has conducted no analysis. See, e.g., *Carter v. State*, No. 123,878, 2022 WL 2762757, at *3 (Kan. App. 2022) (unpublished opinion). In *Carter*, the district court summarily dismissed the defendant's ineffective assistance of counsel claims, reasoning that each claim was based on a legal error that was included and found meritless in his direct appeal—just not framed as claims for ineffective assistance of counsel. Here, Parks' direct appeal did not include the jury instruction error alleged in his first 60-1507 motion, and there has been no prior review of the merits of that claim. Accordingly, this court declines to conduct the first review of the merits of Parks' ineffective assistance of counsel claims.

In the alternative, the State argues that Parks' underlying ineffective assistance of trial and appellate counsel claims in his first 60-1507 motion should be deemed waived because he failed to adequately brief the merits on appeal. While Parks' brief lacks analysis of his ineffective assistance of counsel claims, they are not waived because the district court has not yet reviewed the merits of those claims. Parks is not appealing from an allegedly erroneous review of the merits—but is arguing that the district court erred by failing to even review the merits when it summarily denied his motion for an erroneous reason—that the claims were previously raised on direct appeal. Parks merely seeks reversal of that decision and "remand for evaluation of the claim's merits."

When addressing a 60-1507 motion, the district court has three options:

"'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented

7

requiring a full hearing.' [Citations omitted.]" *White v. State*, 308 Kan. 491, 504, 421 P.3d 718 (2018).

Here, the district court followed the first option and summarily denied the motion without any type of hearing. This court reviews a district court's decision to summarily deny a 60-1507 motion de novo, looking anew "to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief." *Dawson v. State*, 310 Kan. 26, 35-36, 444 P.3d 974 (2019). When applying a de novo review, this court owes no deference to the district court's decision. *Bellamy v. State*, 285 Kan. 346, 354, 172 P.3d 10 (2007).

The district court summarily denied Parks' first 60-1507 motion without a hearing, because "the claims made in [Parks'] motion have been heard on direct appeal." As the State admits, Parks' first 60-1507 motion included claims that his trial and appellate counsel were ineffective for failing to make certain jury instruction arguments, and Parks did not raise those claims in his direct appeal. The district court also made the following two findings: "[t]hat the files and records of this case show that [Parks] is not entitled to relief," and that Parks had "not made claims which raise substantial issues of fact or substantial questions of law which would require a full hearing and appointment of counsel." But the court failed to expound upon the basis for those two findings, and this court cannot presume those two findings related to the merits of Parks' claims and not just the court's first finding—that Parks had already raised all of the issues in his first 60-1507 motion on direct appeal. Thus, this court finds that the district court erred in finding that Parks' ineffective assistance of counsel claims related to failure to seek a lesser included jury instruction were previously brought in Parks' direct appeal, and thus the court erred in summarily denying his first 60-1507 motion based on that finding.

The district court's summary denial of Parks' 2013 motion is reversed and remanded for consideration of the merits of his ineffective assistance of counsel claims.

See *Rowland v. State*, 289 Kan. 1076, 1086-87, 219 P.3d 1212 (2009) (reversing and remanding for consideration of the defendant's K.S.A. 60-1507 ineffective assistance of counsel claim because the claim "did not receive the complete review it was due during his direct appeal"); *Davis v. State*, No. 110,387, 2014 WL 1302636, at *4 (Kan. App. 2014) (unpublished opinion) (finding that the district court erred by denying defendant's ineffective assistance of counsel claims as successive and remanding because "the district court should have considered the merits of those arguments and provided legal conclusions regarded whether Davis has established entitlement to relief under K.S.A. 60-1507(b)"). Through its review, this court has not determined that Parks was entitled to an evidentiary hearing on his ineffective assistance of counsel claims, but merely that he is entitled to a review of the merits of his claims. As is always the case, when the district court reviews the merits of the claims, it need not conduct a hearing if the court determines that the motion, files, and case records conclusively show the prisoner is entitled to no relief.

CONCLUSION

Parks is entitled to the district court's review of the merits of his ineffective assistance of counsel claims as contained in his first 60-1507 motion filed in 2013. Parks has waived and thus abandoned all other arguments that could have been brought on appeal related to the summary denial of his first 60-1507 motion and his fourth and fifth 60-1507 motions that were consolidated with this appeal.

The district court's summary denial of Parks' fourth and fifth 60-1507 motions are affirmed. The summary denial of Parks' first 60-1507 motion filed in 2013 is reversed and remanded to the district court to determine whether Parks' claims of ineffective assistance of counsel should be afforded a hearing.

9

Affirmed in part, reversed in part, and remanded to the district court with directions consistent with this opinion.