NOT DESIGNATED FOR PUBLICATION

No. 125,982

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CRAIG JEROME MCKINNIS JR.,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; DANIEL CAHILL, judge. Submitted without oral argument. Opinion filed April 19, 2024. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Kayla Roehler*, deputy district attorney, *Mark A. Dupree Sr.*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., SCHROEDER, J., and MARY E. CHRISTOPHER, S.J.

PER CURIAM: This is an appeal of the summary dismissal of Craig McKinnis' motion for habeas corpus relief. McKinnis is serving a sentence for the murder of one man and the wounding of two bystanders.

*A party ends in a fight, death, and criminal convictions.*

On October 17, 2008, McKinnis shot and killed Ryndell Frederick. After an argument at a party, McKinnis fired seven shots, two of which passed through Frederick

1

and struck two bystanders. Witnesses identified McKinnis as the shooter. McKinnis and Frederick had an ongoing feud. Several witnesses stated that McKinnis and Frederick squared off as if they intended to fight. The State charged McKinnis with one count of intentional second-degree murder and two counts of aggravated battery.

McKinnis pled guilty to second-degree murder for the killing of Frederick. In exchange, the other charges were dismissed. At the plea hearing, McKinnis stated he understood he was giving up the right to a jury trial where the State would have to prove him guilty beyond a reasonable doubt and the rights to confront witnesses, present evidence, and to appeal. McKinnis stated he was satisfied with his attorney's representation.

For the factual basis of the guilty plea, McKinnis stated that he had been "surrounded by a bunch of guys that pulled a gun on me. I shot in self-defense, I killed him." At the sentencing hearing, McKinnis explained that Devon Hooper pulled a .38 revolver on him. Hooper was friends with Frederick. They went to the party together. McKinnis said it was the same revolver found in the car one of the bystanders was rushed to the hospital in. He said what "happened was a self-defense case, and it was nothing more." "I was scared, your Honor, . . . I honestly believe that I acted to defend and protect myself out of the fear."

On October 22, 2010, the district court sentenced McKinnis to a downward durational departure of 144 months in prison. McKinnis did not appeal his conviction or sentence.

*McKinnis collaterally attacks his convictions.*

On January 5, 2018, McKinnis filed a pro se K.S.A. 60-1507 motion that is the subject of this appeal. McKinnis claimed his trial counsel provided ineffective assistance

2

of counsel because counsel misinformed him that Kansas does not have a self-defense law; counsel moved to suppress the gun he needed to prove self-defense; counsel failed to investigate or introduce the exculpatory gun evidence; and counsel failed to file for an immunity hearing under K.S.A. 21-5231, formerly K.S.A. 21-3219. He claimed counsel failed to request discovery which would have located the gun the aggressor had. But for counsel's erroneous advice he would not have pled guilty and would have been granted immunity or insisted on going to trial. Citing the standard for withdrawing a plea, he also argued his guilty plea was involuntary and should be set aside because his counsel was incompetent; he was misled into believing he had no defense to the charges; and he did not knowingly enter the plea.

McKinnis claimed because of manifest injustice the law allowed him to file his habeas corpus motion out of time. In his view, the affirmative defense of self-defense and the fact that his counsel had suppressed the gun had just become known to him and that he was actually and factually innocent due to self-defense and stand your ground laws.

The district court summarily dismissed the motion as untimely without appointing counsel or holding a hearing. The district court found McKinnis' reasons for the delay in filing his motion were "either not credible or based on an incorrect understanding of the controlling law. They do not excuse the late filing." The court found trial counsel could not be ineffective for failing to seek immunity under K.S.A. 21-5231 because K.S.A. 21-5231 was not effective until July 2011. The court found McKinnis was clearly aware of the availability of self-defense as a defense because he claimed self-defense at both the plea and sentencing hearings. The court found trial counsel did not move to suppress a gun. The district court further found McKinnis had not made a colorable claim of actual innocence. Actual innocence required factual—not legal—innocence. And McKinnis offered nothing that would show it was more likely than not that no reasonable juror would believe the State's witnesses who would have testified Frederick did not have a gun.

3

*McKinnis brings this appeal.*

On appeal, McKinnis argues his remarks at the plea and sentencing hearings do not show he knew of the *legal* defense of self-defense. His remarks at the hearings were him talking as a lay person. He filed his K.S.A. 60-1507 motion when he first learned of the legal defense of self-defense and immunity based on self-defense. The district court incorrectly found immunity did not exist until 2011. Self-defense immunity was established in 2006 under K.S.A. 2006 Supp. 21-3219. He argues he sufficiently made a claim of actual innocence because the record does not prove the defense of self-defense did not apply to him. He asks for a hearing with appointed counsel.

In opposing his motion, the State argues a lack of knowledge or ignorance of the law does not establish manifest injustice; that McKinnis cannot claim actual innocence because he pled guilty; and that McKinnis failed to show actual innocence under K.S.A. 60-1507 because he offered no new evidence.

*Well-established rules control these issues.*

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence either (1) "the judgment was rendered without jurisdiction"; (2) "the sentence imposed was not authorized by law or is otherwise open to collateral attack"; or (3) "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 2023 Supp. 60-1507(b) (grounds for relief); Supreme Court Rule 183(g) (2023 Kan. S. Ct. R. at 244) (preponderance burden).

4

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.'" *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

The district court has a statutory duty to appoint an attorney to represent an indigent K.S.A. 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact. K.S.A. 22-4506(b). The district court must also appoint counsel for an indigent K.S.A. 60-1507 movant if it holds a hearing to determine whether the motion presents a substantial question of law or triable issue of fact at which the State is represented by counsel; the court need not appoint counsel if considering only written argument from counsel for the State. *Stewart v. State*, 310 Kan. 39, 46, 52, 444 P.3d 955 (2019).

The district court shall hold an evidentiary hearing on a K.S.A. 60-1507 motion and make findings of fact and conclusions of related law, unless the motion and the files and records of the case establish the movant is not entitled to relief. K.S.A. 2023 Supp. 60-1507(b); Supreme Court Rule 183(f) and (j) (2023 Kan. S. Ct. R. at 243-44).

A movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. *Thuko v. State*, 310 Kan. 74, 80, 444 P.3d 927 (2019). If this showing is made, the court must hold a hearing unless the motion is a second or

5

successive motion seeking similar relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

A defendant has one year from when a conviction becomes final to file a motion under K.S.A. 60-1507(a). K.S.A. 2023 Supp. 60-1507(f)(1). The one-year time limitation for bringing an action under K.S.A. 60-1507(f)(1) may be extended by the district court only to prevent a manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(2).

To determine the existence of manifest injustice, courts are "limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). Actual innocence means that the prisoner must "show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2023 Supp. 60-1507(f)(2)(A). Courts are to dismiss a motion as untimely filed if, after inspection of the motion, files, and records of the case, the court determines that the time limitations have been exceeded and that dismissing the motion would not equate with manifest injustice. K.S.A. 2023 Supp. 60-1507(f)(3).

When the district court summarily dismisses a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *Dawson v. State*, 310 Kan. 26, 35-36, 444 P.3d 974 (2019).

If a district court reaches the correct result, its decision will be upheld even though it relied on the wrong ground or assigned erroneous reasons for its decision. *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015).

*Claims of actual innocence can be considered.*

When a K.S.A. 60-1507 movant advances a claim of actual innocence as a gateway to overcome the procedural bar of untimeliness under K.S.A. 60-1507(f), the movant is entitled to consideration of the merits of the motion if the claim of actual innocence meets the standard from *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). *Beauclair v. State*, 308 Kan. 284, Syl. ¶ 1, 419 P.3d 1180 (2018).

> "'[A] prisoner retains an overriding 'interest in obtaining his release from custody if he is innocent of the charge for which he was incarcerated. That interest does not extend, however, to prisoners whose guilt is conceded or plain.' . . . '[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default.
> . . . .
> "'. . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.' [Citations omitted.]" *Beauclair*, 308 Kan. at 299.

The court must consider all the evidence—old and new—and make "'a probabilistic determination about what reasonable, properly instructed jurors would do.'" *Beauclair*, 308 Kan. at 301. The movant's burden is to show "'that more likely than not any reasonable juror would have reasonable doubt.'" 308 Kan. at 301.

The movant's word alone that he is innocent of the crime underlying his conviction is not enough to overcome the procedural hurdle. Manifest injustice is rare and to be applied only in an extraordinary case. *Beauclair*, 308 Kan. at 302.

7

*We must affirm the district court.*

McKinnis failed to meet the standard for actual innocence because he offers no new evidence—such as a witness statement—that would support his self-defense claim. He relies solely on his own assertions of self-defense. These assertions are not new and would not be enough alone, anyway, to overcome the procedural hurdle.

McKinnis filed his K.S.A. 60-1507 motion over seven years after his conviction became final. He argues he filed his K.S.A. 60-1507 motion when he first learned of the legal defense of self-defense and immunity based on self-defense. We are unmoved. Ignorance of the law is not manifest injustice. A prisoner's lack of legal knowledge cannot be used as a reason to extend the one-year time limitation. See, e.g., *Brown v. State*, 58 Kan. App. 2d 808, 816-17, 820, 475 P.3d 689 (2020); *Martinez v. State*, No. 120,488, 2019 WL 6798971, at *3 (Kan. App. 2019) (unpublished opinion).

In *Martinez*, Martinez filed his K.S.A. 60-1507 motion nine years after his conviction became final. He argued his confession was obtained in violation of the Fifth Amendment to the United States Constitution because he was 17 years old at the time and the officers did not contact his parents or other advocate. He claimed he did not raise the issue before because he was not familiar with the law. A panel of this court held his lack of legal knowledge did not amount to manifest injustice. 2019 WL 6798971, at *1, 3.

McKinnis' alleged lack of knowledge of the legal defense of self-defense and immunity based on self-defense does not equate to manifest injustice. His K.S.A. 60-1507 motion is procedurally time-barred.

Along the same line of reasoning, a defendant has one year to file a postsentence motion to withdraw a plea under K.S.A. 22-3210(e)(1). This one-year time limitation may be extended "only upon an additional, affirmative showing of excusable neglect by

8

the defendant." K.S.A. 22-3210(e)(2). Ignorance of the law is not excusable neglect. *State v. Davisson*, 303 Kan. 1062, 1069-70, 370 P.3d 423 (2016).

McKinnis does not argue on appeal that he should have been permitted to withdraw his plea under K.S.A. 22-3210(d)(2). Any argument in his motion that could be construed as such is thus found waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021).

Affirmed.