NOT DESIGNATED FOR PUBLICATION

No. 125,877

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MITCHELL EBIHARA,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Kearny District Court; RICHARD MARQUEZ, judge. Submitted without oral argument. Opinion filed March 28, 2025. Affirmed in part, reversed in part, and remanded with directions.

*Mitchell Ebihara,* appellant pro se.

*Tyler W. Winslow,* assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.


Before PICKERING, P.J., ISHERWOOD and HURST, JJ.


PER CURIAM: Mitchell Ebihara appeals the district court's denial of his K.S.A. 60-1507 motion as untimely, successive, and conclusory. Ebihara argues two of his claims should have survived those procedural hurdles. Ebihara is correct that his claim that his previous postconviction counsel rendered ineffective assistance was not untimely, successive, or conclusory, and the district court therefore erred in denying his motion as it relates to that claim. However, the district court properly denied Ebihara's claim that he was prejudiced in his appeal of the denial of one of his previous K.S.A. 60-1507 motions due to the district court's failure to appoint counsel in that unrelated appeal.

1

The district court's denial of Ebihara's K.S.A. 60-1507 motion as it relates to his allegations of the ineffective assistance of postconviction counsel is therefore reversed, and the case is remanded for further proceedings consistent with this opinion. The remainder of the district court's judgment is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2010, Ebihara entered a plea agreement to resolve charges in two criminal cases. In case 09-CR-8, Ebihara pled guilty to aggravated battery and criminal discharge of a firearm at an occupied dwelling. In case 09-CR-41, Ebihara pled guilty to battery against a law enforcement officer and aggravated escape from custody. Under the plea agreement, the parties agreed to recommend a total combined 348-month prison sentence for both cases. Prior to sentencing, Ebihara filed a motion to withdraw his guilty plea, which the district court denied. Consistent with the terms of the plea agreement, the district court sentenced Ebihara to a controlling prison term of 348 months for both cases, and Ebihara did not file a direct appeal.

In April 2014, Ebihara filed two pro se K.S.A. 60-1507 motions challenging his convictions in both cases. Relevant to this appeal, the district court appointed Ebihara counsel (postconviction counsel) to represent him in both cases. Ebihara's postconviction counsel then sent a letter to the district court addressing Ebihara's claims of manifest injustice. The district court summarily denied the motions as untimely, reasoning Ebihara failed to establish the manifest injustice necessary to extend the one-year filing deadline. Ebihara's postconviction counsel filed a timely notice of appeal in both cases. Ebihara's appeal of the denial of his K.S.A. 60-1507 motion in 14-CV-8 (challenging his convictions in 09-CR-41) was docketed and he was represented by the Kansas Public Appellate Defender Office (prior appellate counsel). Ebihara and his postconviction counsel requested that appellate counsel also be appointed to represent him in his appeal

2

of 14-CV-7 (challenging his convictions in 09-CR-8), but appellate counsel was never appointed in that case and the appeal was not docketed.

A panel of this court affirmed the summary denial of Ebihara's K.S.A. 60-1507 motion in 14-CV-8. *Ebihara v. State*, No. 114,115, 2016 WL 6441547, at *2 (Kan. App. 2016) (unpublished opinion) (court concluded Ebihara failed to show manifest injustice to extend the filing deadline). The Kansas Supreme Court denied review on October 26, 2017, and this court issued its mandate in November 2017.

In July 2018, Ebihara filed the K.S.A. 60-1507 motion at issue in this appeal and later amended that motion in September 2018 to assert the following claims: (1) his postconviction counsel erred in not consolidating his two K.S.A. 60-1507 motions into one pleading; (2) his postconviction counsel should have amended the K.S.A. 60-1507 motion in 14-CV-8 to add supporting facts to clarify the vague claims; (3) his postconviction counsel should have argued extraordinary circumstances in 14-CV-8; (4) the district court's failure to appoint appellate counsel for the appeal of 14-CV-7 prejudiced his appeal of 14-CV-8; (5) his prior appellate counsel failed to object to the State's fourth request for an extension of time to file its brief; (6) his prior appellate counsel failed to refute statements in the State's brief that referred to 14-CV-7; and (7) lack of jurisdiction.

Ebihara was appointed new counsel to represent him in his latest K.S.A. 60-1507 motion. Ebihara later filed a pro se brief in support of his claim that the district court lacked jurisdiction over him because he is sovereign. Ebihara subsequently sought to have his new court-appointed attorney removed and proceed pro se, which the district court granted.

After a nonevidentiary preliminary hearing, Ebihara filed a pro se brief clarifying some of his other claims, including:

3

"ISSUE 5: [Prior appellate counsel's] assistance was ineffective in Appellate case 15-114115-A[.]

. . . .

"(a) [Prior appellate counsel] [erred] by not arguing that the District Court relied on an invalid and unenforceable plea agreement, i.e. void contract.

. . . .

"(b) [Prior appellate counsel] [erred] by not objecting to the Appellee's 4th request for extension.

. . . .

"(c) [Prior appellate counsel] [erred] by not refuting statements in Appellee's brief that refer to Kearny County case 14-CV-07 and 09-CR-08 that [were] not appealed in App. case 15-114115-A."

Ebihara then requested the appointment of new counsel, which the district court granted. The State argued Ebihara's most recent K.S.A. 60-1507 motion was successive, Ebihara could not show his postconviction counsel or prior appellate counsel rendered ineffective assistance, and his argument the district court lacked jurisdiction because he is sovereign was meritless. Ebihara's newly appointed counsel thereafter filed another brief arguing: "(1) ineffective assistance of [postconviction counsel] and his representation during the [Habeas] motion; (2) ineffective assistance of [prior appellate counsel] in their representation of Ebihara's appeal from the [Habeas] denial; and lastly (3) lack of jurisdiction."

After the district court conducted another nonevidentiary preliminary hearing, Ebihara's counsel filed another brief summarizing the issues before the district court as follows:

"a. [Postconviction counsel] failed to adequately represent the defendant because the letter submitted to Judge Quint failed to specifically prove or point out to the court that the representation of [Ebihara's original trial counsel] resulted in manifest injustice.

4

"b. The Plaintiff did not have access to his files or other information to timely file the 60-1507 within the one[-]year time limit.

"c. [Ebihara's original trial counsel] was ineffective at mediation."

The brief included an attached Affidavit in which Ebihara explained he was unable to timely file his K.S.A. 60-1507 motion because of "his segregation and inability to understand the time requirements of a 60-1507 and/or have access to legal assistance."

Ebihara subsequently filed a pro se motion for rehearing in which he alleged his newly appointed counsel rendered ineffective assistance and declared that he was proceeding pro se. Ebihara also filed a pro se request for documents and transcripts and a "Roster of Appearance (ROA) report." Ebihara filed a motion to have his newly appointed counsel removed, and that counsel filed a motion to withdraw.

The district court ultimately denied Ebihara's latest 60-1507 motion as untimely, successive, and conclusory. After finding the motion untimely, the district court also explained that "besides being untimely, Ebihara's contentions are conclusory statements at best. In other words, they do not state a sufficient evidentiary basis to establish any of Ebihara's claims." Finally, the court found his motion was also successive and that the court was "not required to entertain a second or consecutive motion for relief on behalf of Ebihara."

The district court addressed other issues in its order, finding "Ebihara's claims that he is a sovereign citizen, thus depriving the court of jurisdiction over him, are without merit." The district court denied Ebihara's request for documents and transcripts, granted his latest counsel's motion to withdraw, and concluded that because "this matter has been dismissed by the Court, there is no basis for Ebihara's pro se representation in this matter." Finally, the district court stated it was "uncertain as to exactly what Ebihara" was requesting concerning the "Roster of Appearance (ROA) report" but directed "the Clerk

5

of the Court, Kearny County District Court to provide Mr. Ebihara with a certified copy of 'case summary' from the Kearny County e Flex register for this case."

Ebihara filed a timely pro se notice of appeal and requested the appointment of appellate counsel to represent him, which the district court granted. Ebihara then filed a motion seeking permission to file a pro se supplemental appellate brief, which this court granted. However, Ebihara subsequently filed a motion to remove his court-appointed appellate counsel and proceed entirely pro se, and this court also granted the motion. This court therefore ordered the brief filed by Ebihara's appellate counsel stricken. To be clear, Ebihara proceeds in this appeal pro se.

DISCUSSION

While Ebihara has a complex and somewhat winding history of K.S.A. 60-1507 motions, this appeal is limited to the following two issues as articulated by Ebihara:

"ISSUE I: The District Court committed reversible error when it denied the appellant's claim of ineffective assistance of counsel against [postconviction counsel] as being untimely and that it does not amount to the level of manifest injustice needed to over come [*sic*] the time limit, and that the claim is successive.

"ISSUE II: The district court committed reversible error when it dismissed the appellant's claim that the District court's omission to appoint appellate counsel for the appeal of Kearny county case 14-CV-07, it was prejudice to the appellant's appeal of Kearny county case 14CV-08 appeal No. 15-114115-A."

Accordingly, all other issues raised below but not briefed on appeal are abandoned. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020) ("Issues not briefed or not adequately briefed are deemed waived or abandoned.")

6

The district court has three options when presented with a K.S.A. 60-1507 motion: (1) determine the motion, files, and case records conclusively show the defendant is not entitled to relief and summarily deny the motion; (2) determine from the motion, files, and records that a potentially substantial issue exists and hold a preliminary hearing, after which the court may deny the motion if it determines there is no substantial issue; or (3) determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing. *State v. Adams*, 311 Kan. 569, 577-78, 465 P.3d 176 (2020).

This court's review depends on which of these three options the district court took. *Adams*, 311 Kan. at 578. When, as here, the district court held a preliminary hearing, this court "must determine whether the findings are supported by substantial competent evidence and whether those findings are sufficient to support its conclusions of law." 311 Kan. at 578. This court then reviews the district court's legal conclusions—including the decision to grant or deny the motion—de novo, looking at them anew. *Hayes v. State*, 307 Kan. 9, 12, 404 P.3d 676 (2017) ("When the district court reviews the motion, files, and records; holds a preliminary hearing; and summarily denies a K.S.A. 60-1507 motion—as occurred here—we are in as good a position as the district court to consider the merits. As such, review is unlimited.").

K.S.A. 60-1507 motions must be pursued in accordance with the governing statutory framework which requires the motion be timely and not successive or conclusory. Additionally, absent exceptional circumstances, movants cannot use a K.S.A. 60-1507 motion to raise issues that should have been raised in a direct appeal. *State v. Brown*, 318 Kan. 446, Syl. ¶ 3, 543 P.3d 1149 (2024); *State v. Dickey*, 301 Kan. 1018, 1030, 350 P.3d 1054 (2015) ("[A] defendant is generally required to raise all available issues on direct appeal."); see Kansas Supreme Court Rule 183(c)(3) (2025 Kan. S. Ct. R. at 237).

K.S.A. 60-1507 motions must be filed within one year of:

> "(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction;
> "(B) the denial of a petition for writ of certiorari to the United States supreme court or issuance of such court's final order following granting such petition; or
> "(C) the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of the petition for review on such prior motion, whichever is later." K.S.A. 2024 Supp. 60-1507(f)(1).

The one-year time limitation can be overcome if the defendant can establish manifest injustice permitting review of such claims. K.S.A. 2024 Supp. 60-1507(f)(2); Kansas Supreme Court Rule 183(c)(4). "The time limit for filing a K.S.A. 60-1507 motion may be extended beyond the one-year deadline only to prevent manifest injustice, which is defined in this context as being obviously unfair or shocking to the conscience." *Noyce v. State*, 310 Kan. 394, Syl. ¶ 2, 447 P.3d 355 (2019). The defendant, as the person seeking relief through a K.S.A. 60-1507 motion, bears the burden to establish the manifest injustice necessary to excuse their untimely filing. *State v. Roberts*, 310 Kan. 5, Syl. ¶ 5, 444 P.3d 982 (2019). When determining whether manifest injustice would result, "the court's inquiry shall be limited to determining why the prisoner failed to file the motion within the one-year time limitation or whether the prisoner makes a colorable claim of actual innocence." K.S.A. 2024 Supp. 60-1507(f)(2)(A). "[T]he term actual innocence requires the prisoner to show it is more likely than not that no reasonable juror would have convicted the prisoner in light of new evidence." K.S.A. 2024 Supp. 60-1507(f)(2)(A); see *Beauclair v. State*, 308 Kan. 284, 294, 419 P.3d 1180 (2018).

In addition to the general one-year time limit for filing, courts do not consider "second or successive [60-1507 motions] for similar relief on behalf of the same prisoner." K.S.A. 2024 Supp. 60-1507(c). Pursuant to Kansas Supreme Court Rule

8

183(d), the court may not consider a second or successive 60-1507 motion from the same defendant when:

> "(1) the ground for relief was determined adversely to the movant on a prior motion;
>
> "(2) the prior determination was on the merits; and
>
> "(3) justice would not be served by reaching the merits of the subsequent motion."

However, a second or successive motion may be considered when "the alleged errors affect constitutional rights and exceptional circumstances justify raising the successive motion." *Brown*, 318 Kan. 446, Syl. ¶ 1. The defendant asserting a second or successive K.S.A. 60-1507 motion bears the burden to establish exceptional circumstances. *Dawson v. State*, 310 Kan. 26, Syl. ¶ 4, 444 P.3d 974 (2019). Exceptional circumstances include changes in the law or unusual events that prevented the issue being raised in the initial filing. *State v. Mitchell*, 315 Kan. 156, Syl. ¶ 6, 505 P.3d 739 (2022).

Additionally, a movant bears the burden to show by a preponderance of the evidence that their claim of ineffective assistance of counsel in a K.S.A. 60-1507 motion "warrants an evidentiary hearing." *Thuko v. State*, 310 Kan. 74, Syl. ¶ 3, 444 P.3d 927 (2019); Kansas Supreme Court Rule 183(g). This requires the movant "make more than conclusory contentions" and identify the evidence supporting their claim, or the evidence must appear in the record. *Thuko*, 310 Kan. 74, Syl. ¶ 3; see also *In re Estate of Moore*, 310 Kan. 557, 565, 448 P.3d 425 (2019) (a preponderance of the evidence means evidence which shows a fact is more probably true than not true). For example, a movant should explain the factual background, identify witnesses, or point to other sources of evidence that support their claims. *Swenson v. State*, 284 Kan. 931, Syl. ¶ 2, 169 P.3d 298 (2007).

Although defendants have no constitutionally protected right to effective assistance of counsel when pursuing a K.S.A. 60-1507 motion, there is a statutory right to counsel and, once that attaches, the defendant is entitled to effective assistance. *Robertson v. State*, 288 Kan. 217, 228, 201 P.3d 691 (2009). Claims of ineffective assistance of counsel are analyzed under a two-prong test, the first step of which requires the defendant show counsel's performance was deficient. See *Khalil-Alsalaami v. State*, 313 Kan. 472, 485, 486 P.3d 1216 (2021); *Chamberlain v. State*, 236 Kan. 650, 656-57, 694 P.2d 468 (1985). "'To establish deficient performance under the first prong, 'the defendant must show that counsel's representation fell below an objective standard of reasonableness.'" *Khalil-Alsalaami,* 313 Kan. at 485 (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 104 S. Ct. 2052, 80 L. Ed. 2d 674 [1984]). If the defendant satisfies the first prong, the court moves to the second prong and determines whether there is a reasonable probability that—absent counsel's unprofessional errors—the result would have been different. 313 Kan. at 485. This second prong requires the defendant establish prejudice from the deficient performance, which means the defendant must establish with reasonable probability that—based on the totality of the evidence—the deficient performance affected the outcome of the proceedings. 313 Kan. at 485.

## I.    POSTCONVICTION COUNSEL CLAIM NOT UNTIMELY

Ebihara convincingly argues he timely filed his K.S.A. 60-1507 motion alleging ineffective assistance of postconviction counsel and therefore was not required to demonstrate manifest injustice. Ebihara does not challenge the district court's determination that his motion was untimely related to his other allegations of ineffective assistance of counsel, and those issues are therefore waived or abandoned. See *Meggerson*, 312 Kan. at 246.

It appears the district court evaluated the timeliness of Ebihara's 60-1507 motion based on the date of termination of appellate jurisdiction for a direct appeal. But that is

not the appropriate date from which to measure the timeliness of his motion. In 2022, the Legislature amended K.S.A. 60-1507(f)(1) to clarify that a 60-1507 motion may be filed within one year of "the decision of the district court denying a prior motion under this section, the opinion of the last appellate court in this state to exercise jurisdiction on such prior motion or the denial of the petition for review on such prior motion, whichever is later." K.S.A. 2023 Supp. 60-1507(f)(1)(C). Panels of this court have interpreted this provision to apply only to claims of ineffective assistance against a prior K.S.A. 60-1507 counsel. See, e.g., *Denney v. State*, No. 126,784, 2024 WL 3738410, at *3 (Kan. App. 2024) (unpublished opinion) ("[T]he Legislature intended for [the amendment] to apply only to claims of ineffective assistance of counsel against an earlier K.S.A. 60-1507 attorney ."); *Crawford v. State*, No. 125,720, 2023 WL 5811494, at *1-2 (Kan. App. 2023) (unpublished opinion); *Stevenson v. State*, No. 124,380, 2023 WL 2723285, at *6 (Kan. App. 2023) (unpublished opinion) ("The one-year period for filing a successive K.S.A. 60-1507 motion *to challenge counsel's representation in a prior K.S.A. 60-1507 proceeding* begins when the mandate is issued in that prior 60-1507 proceeding." [Emphasis added.]). Although Ebihara filed his 60-1507 motion before the statutory amendment took effect, this court recognized the same result from the preamendment statutory language. See *Rowell v. State*, 60 Kan. App. 2d 235, Syl. ¶ 3, 490 P.3d 78 (2021) ("The one-year period for filing a 60-1507 motion to challenge counsel's representation in a prior 60-1507 proceeding begins when the mandate issued on that prior 60-1507 proceeding."). Interestingly, the district court cited the amended statutory language in its order denying the motion as untimely.

The Kansas Supreme Court denied review of the decision from a panel of this court affirming the summary denial of Ebihara's K.S.A. 60-1507 motion in 14-CV-8 on October 26, 2017, and this court issued its mandate the following month. Ebihara's amended K.S.A. 60-1507 motion—filed in September 2018—was therefore timely as it relates to his claims of ineffective assistance of his postconviction counsel. The State candidly concedes as much: "[T]he district court was incorrect to find that Ebihara's

11

motion was untimely because his motion was filed within one year of [his prior K.S.A. 60-1507 motion's] resolution." Ebihara's K.S.A. 60-1507 motion was timely as to claims related to his postconviction counsel, and he was therefore not required to demonstrate the manifest injustice necessary to extend the filing deadline.

II.        POSTCONVICTION COUNSEL CLAIM NOT SUCCESSIVE

Once again, Ebihara convincingly argues his motion was not successive because it asserts his claims of ineffective assistance of postconviction counsel for the first time. Ebihara does not challenge the district court's determination that the other claims of ineffective assistance of counsel were successive, and those issues are therefore waived or abandoned. See *Meggerson*, 312 Kan. at 246. Ebihara's allegations of ineffective assistance of postconviction counsel and prejudice resulting from the district court's failure to appoint appellate counsel in 14-CV-7 could not have been asserted in his prior 60-1507 motions because the basis for his claims had not yet occurred. Simply put, Ebihara's 60-1507 motion does not claim grounds for relief that he previously or could have previously asserted. See K.S.A. 60-1507 (prohibiting a defendant from pursuing successive motions for similar relief).

Therefore, Ebihara's motion is not impermissibly successive, and he was not required to demonstrate the exceptional circumstances necessary to permit a successive motion. Again, the State candidly concedes the issue in its brief on appeal:  "The district court also erred in denying the motion as successive because Ebihara alleged ineffective assistance against post-conviction counsel."

III.       POSTCONVICTION COUNSEL CLAIM NOT IMPERMISSIBLY CONCLUSORY

Ebihara argues the district court erred in concluding his allegations of ineffective assistance of postconviction counsel and prejudice resulting from the district court's

12

failure to appoint appellate counsel in 14-CV-7 were conclusory. The district court did not address the merits of Ebihara's claims but simply stated:

> "After reviewing all of the file materials in 2008 CR 8; 2008 CR 41; 2014 CV 7; 2014 CV8; and 2022 CV 22 as well as the Court of Appeals unpublished decision in *Ebihara v. State of Kansas,* Court of Appeals Docket No. 114,115, the Court finds that besides being untimely, Ebihara's contentions are conclusory statements at best. In other words, they do not state a sufficient evidentiary basis to establish any of Ebihara's claims."

Unlike its response to the district court's determination that Ebihara's claims of ineffective assistance of postconviction counsel were untimely and successive, the State does not concede the district court erred in finding his claims conclusory. However, the State argues for affirmance by addressing the merits of Ebihara's allegations—which the district court did not do—rather than demonstrating they are impermissibly conclusory. Ebihara does not challenge the district court's determination that his other claims were impermissibly conclusory, and those issues are therefore waived or abandoned. See *Meggerson*, 312 Kan. at 246.

Ebihara did not merely state his postconviction counsel was ineffective. He identified specific facts to support his claim, including:

- Ebihara alleged he informed his postconviction counsel that his original trial counsel provided him inaccurate legal advice regarding whether his sentences were required to run consecutive which played a significant role in Ebihara signing the plea agreement, but his postconviction counsel failed to submit this allegation.
- Ebihara alleged his postconviction counsel failed to submit the allegation that Ebihara's original trial counsel pressured him into accepting the plea agreement.

13

- Ebihara alleged his postconviction counsel failed to submit the allegation that Ebihara's original trial counsel was insufficiently participatory in the mediation that produced the plea agreement.

- Ebihara alleged his postconviction counsel failed to assert facts related to his prior counsel and the court misinforming him of the severity level of his charges that would have provided a factual basis to withdraw his plea.

- Ebihara alleged his postconviction counsel failed to argue his long-term segregation without access to counsel and his literacy challenges warranted relief.

While Ebihara's allegations might not ultimately entitle him to relief, this court cannot say they are so conclusory as to warrant summary denial. It may be that Ebihara's claims are ultimately meritless, but that is a substantive question the district court failed to address.

Ebihara's allegations of ineffective assistance of postconviction counsel were not untimely, successive, or conclusory. The district court's denial of Ebihara's 60-1507 motion as it relates to his allegations of his ineffective assistance of postconviction counsel is therefore be reversed, and the case is remanded for further proceedings consistent with this opinion.

IV.     NO PREJUDICE FROM LACK OF COUNSEL IN A SEPARATE CASE

Ebihara argues he was prejudiced in his appeal in case 14-CV-8 because the district court failed to appoint him counsel in 14-CV-7, and that if this court does not agree it should require the district court to determine whether Ebihara is entitled to pursue an appeal out of time in case 14-CV-7. Ebihara fails to offer any explanation of how the outcome of the appeal in 14-CV-8 would have been different had he been appointed counsel in 14-CV-7 and the appeals consolidated. Similarly, he fails to allege ineffective assistance of counsel related to this claim. For example, Ebihara argues the appeals

14

should have been "heard together [given] the fact that the plea agreement was made in connection with both cases, and in addition that the [court's] determination of whether the manifest injustice standard is met must be made under a totality of the circumstances analysis." However, Ebihara failed to explain how the analysis on appeal would have changed in his favor had the appeals been heard together. Rather, Ebihara simply offered the bare conclusion that the appeals should have been heard together. Ebihara therefore failed to carry his burden of showing it is more likely than not that he was entitled to an evidentiary hearing on this claim. *Thuko*, 310 Kan. 74, Syl. ¶ 3 ("A movant has the burden to prove his or her K.S.A. 60-1507 motion warrants an evidentiary hearing; the movant must make more than conclusory contentions and must state an evidentiary basis in support of the claims, or an evidentiary basis must appear in the record."); *State v. Sprague*, 303 Kan. 418, 425, 362 P.3d 828 (2015) ("The burden is on the movant to show a claim of ineffective assistance of counsel warrants an evidentiary hearing."). The district court did not err when it denied an evidentiary hearing on this conclusory claim. *Breedlove v. State*, 310 Kan. 56, 66, 445 P.3d 1101 (2019) ("To avoid summary denial of a K.S.A. 60-1507 motion, a movant has the burden to make more than conclusory contentions and must state an evidentiary basis in support of those claims or some evidentiary support must appear in the record.").

As a final matter, Ebihara argues that, on remand, "[t]he district court should reconsider whether the [court's] omission to [appoint] appellate counsel for case 14-CV-07 was prejudicial to the appeal of case 14-CV-08. In the event that it does not, the district court should determine whether case 14-CV-07 is entitled to a late appeal under *Ortiz v. State,* 230 Kan. 733, 736-37, [640 P.2d 1255] (1982)." As the State points out, this second part of Ebihara's argument is unpreserved. Ebihara's 60-1507 motion did not include an argument that he was entitled to proceed with his appeal in 14-CV-7 and therefore the district court did not have a chance to address that argument. Thus, this is an unpreserved argument not properly before this court. *State v. Green*, 315 Kan. 178, 182,

505 P.3d 377 (2022) ("In general, issues not raised before the district court may not be raised on appeal.").

CONCLUSION

The district court erred when it summarily denied Ebihara's claim of ineffective assistance of his postconviction counsel but correctly denied his claim of prejudice from not being appointed appellate counsel in case 14-CV-7. The district court's denial of Ebihara's claim of ineffective assistance of postconviction counsel is reversed and remanded for consideration consistent with this opinion.

Affirmed in part, reversed in part, and remanded with directions.